McCLOSKEY, Appellant, v. PULITZER PUBLISHING COMPANY.

Division Two, November 14, 1899.

1. **Libel Per Se**: DEFENSE: INSTRUCTION.  Even though a publication is libelous *per se*, its truth is a defense to the action.  Hence plaintiff's instruction should require the jury to believe the publication false and libelous before they can find for him.

2. ————: PRIMA FACIE CASE: DEFENSE.  A publication libelous *per se* confers on plaintiff a *prima facie* right of action and entitles him to recover damages without any evidence of damages other than that which might be implied or inferred from the fact of publication. But the truth of the publication is a complete defense, and the *prima facie* case may be overcome by showing it to be true.

3. ————: INSTRUCTION.  It is not error to instruct the jury that they are the sole judges as to whether the publication complained of is libelous or not.

4. ————: CONSTITUTION.  The provision of the Missouri Constitution which makes the truth of a publication a defense in a libel suit, applies alike to civil and criminal cases.

5. ———: DEFINITION. It is error to refuse an instruction which otherwise correctly defines libel, on the ground that it fails to tell the jury that the truth of the publication is a defense. The truth of the publication is no part of the definition of libel.

6. ———: ———: INSTRUCTION ON MOTION OF COURT. The court is not obliged, of its own motion in a suit for civil libel, to give an instruction correctly defining libel, even though it has refused one which imperfectly defines it.

7. ———: DIVORCE. Under the pleading and facts of this case it was not error to permit defendant to introduce plaintiff's petition in an action for divorce which was pending at the time the article was published.

8. ———: COMPETENT EVIDENCE. Any evidence is relevant in a libel suit which tends even though slightly to evidence belief in the truth of the charges, or in the truth of the denial or plea.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

REVERSED AND REMANDED.

JOHN R. MYERS and CHARLES & LACKEY for appellant.

(1) It was error to amend plaintiff's first instruction by inserting the words, "if you believe the article itself to be false and libelous," and to instruct the jury that they were "the sole judges as to whether the article complained of is libelous or not." (a) Because the publication complained of was libelous *per se.* Mitchell v. Bradstreet, 116 Mo. 226; Herman v. Bradstreet, 19 Mo. App. 227; Noeninger v. Vogt, 88 Mo. 589. (b) Because the provision that the jury shall be the judges of the law in libel cases, does not apply to civil cases with the same force as to criminal cases. Levi v. Milne, 4 Bing. 195; People v. Croswell, 3 Johns. Cas. 336; Snyder v. Andrews, 6 Barb. (N. Y.) 43; Hunt v. Bennett, 19 N. Y. 173. (c) Because our Constitution and our statutes direct that the jury shall determine the law "under the direction of the court." Constitution, art. II, sec. 14; R. S. 1889, sec.

3872. (2) The court should have defined to the jury what libel is, as defined in section 3869, Revised Statutes 1889. Constitution, art. II., sec. 14; R. S. 1889, sec. 3872; Arnold v. Jewett, 125 Mo. 252; State v. Armstrong, 106 Mo. 395; State v. Verry, 36 Kan. 416; Snyder v. Andrews, 6 Barb. (N. Y.) 43; People v. Croswell, 3 Johns. Cas. (N. Y.) 336; Rex v. Burdett, 4 Barn. & Ald. 95; Parmeter v. Coupland, 6 Mees. & Wels. 105.

F. N. Judson and J. Clarence Taussig for respondent.

(1) The court properly amended plaintiff's first instruction by inserting the words, "if you believe the article itself to be false and libelous," for the truth of the publication is always a defense to an action of libel. Buckley v. Knapp, 48 Mo. 152; R. S. 1889, sec. 2081; Constitution, art. II, sec. 14; Edwards v. Geo. Knapp & Co., 97 Mo. 432. (2) The court's amendment was proper notwithstanding the fact that the publication might have been libelous *per se.*" Townshend on Slander and Libel (4 Ed.), sec. 147. (3) There was no error in instructing the jury that they "were the sole judges as to whether the publication complained of was libelous." Article II., section 14, of the Constitution applies to civil suits for libel as well as criminal prosecutions. Arnold v. Jewett, 125 Mo. 241. (4) The court properly refused plaintiff's instruction number 4, defining a libel, for the reason that the definition was incomplete and incorrect. It failed to instruct the jury that the truth of the publication was a defense. Nelson v. Wallace, 48 Mo. App. 153. The trial court was not obliged, on its own motion, to give such a definition in a civil case. Mitchell v. Bradstreet, 116 Mo. 226. (5) The court did not commit error in permitting the defendant to read to the jury the pleadings in the McCloskey divorce case. Archer v. Bacon, 12 Mo. 156; State ex rel. v. Maloney, 113 Mo. 567; Greenl. on Evid. (15 Ed.), sec. 510; Townshend on Slander and Libel (4 Ed.), sec. 403; Lane v. Railroad, 132 Mo.

19. Nor did the court commit error by refusing to withdraw from the jury the article entitled "A Question of Finance." State v. Williams, 106 Mo. 162; State v. Farmer, 54 Mo. 439; Townshend on Slander and Libel (4 Ed.), sec. 415.

JOHN R. MYERS and CHARLES & LACKEY for appellant in reply.

Referring to the first point made by respondent in its brief, we do not complain of the court's amending our first instruction by inserting the words "if you believe the article itself to be false," but we do complain of his adding to this amendment the word "libelous." We may concede that the truth is a defense to a libel, but the jury might have been instructed upon this point without the addition of the word "libelous" to the amendment complained of.

BURGESS, J.—This is an action for libel, which resulted in a verdict and judgment for defendant, from which plaintiff appeals.

The publication complained of is as follows:

### MRS. M'CLOSKEY'S SIDE.

"She says her husband does not give her enough to eat.

"If all, or even half, Mrs. John McCloskey says about her husband is true, he is about the toughest kind of a man a woman could get hold of for a husband. John and his wife are getting a divorce from each other. That is, he has asked for it, and she is dead willing that he should have it.

"Although the case is now pending, they occupy the same house, 1103 Dolman street. Life must be one long nightmare for them both. They have seven children, and this is what keeps them within touching distance. The husband precipitated the storm yesterday by advertising in the newspapers that he would not be responsible for his wife's

debts, and warning all tradesmen not to give her credit with a view to calling on him for settlement. This brought Mrs. McCloskey to the Post Dispatch office.

"'Why, that man,' she said, 'did not give me money enough to buy bread for my children. He is worth $100,000, and this very dress I've got on, I bought last winter. I never tried to run any bills for clothes, that's the reason my children and I are ragged. What do you think of a man who treats his family like that. He put that in the paper for spite. The court ordered him to pay me $30 a week alimony, while the divorce suit is in court. He did not do it, and yesterday the constables attached his stand in the Union Market for $450. This made him mad. He has threatened harm to me, and if he makes any disturbance to-night, I'll let you know by telephone.' No message was received. McCloskey is president of the St. Louis Carbonating and Manufacturing Company."

Defendant, in its answer, denied that the article complained of was false and defamatory, and alleged that it had been preceded by a previous publication in the Post Dispatch entitled "A Question of Finance," which in turn grew out of an advertisement inserted in the Globe Democrat by plaintiff, in which he gave notice to the public that he would not be responsible for his wife's debts.

The plaintiff introduced no evidence in chief, except the alleged libelous publication. The evidence of defendant showed that Mrs. McCloskey, the wife of the plaintiff, having seen the article in the Post Dispatch entitled "A Question of Finance" was desirous that the paper should publish her side of the controversy between her husband and herself. Thereupon, accompanied by her daughter, she called at the office of the Post Dispatch, and, in the presence of her daughter, told to the reporter that which was credited to her in the alleged libelous article. Miss Annie McCloskey, the daughter, testified that the interview with her mother published in the

article complained of was substantially as Mrs. McCloskey had given it to the reporter.

It was also shown in evidence that Mr. McCloskey had inserted the advertisement in the Globe Democrat, warning the public that he would not be responsible for his wife's debts. To prove the fact as alleged in the publication complained of, that a divorce suit between Mr. and Mrs. McCloskey was pending, defendant put in evidence the petition of Mr. McCloskey praying for a divorce.

Previously, in order to show the cause of Mrs. McCloskey coming to the office to tell her side of the story, and defendant's motive in publishing the article complained of, the defendant introduced in evidence the article entitled "A Question of Finance." The only evidence in rebuttal introduced by the plaintiff was that of McCloskey, whose testimony was not directed to the rebuttal of defendant's evidence tending to prove the truth of the publication which he complained of in his petition, but was directed solely to proving that he did not make the statement contained in the article entitled "A Question of Finance," the publication of which he does not complain of in his petition.

Plaintiff asked the court to instruct the jury as follows:

1. The court instructs the jury that, although you may believe from the evidence that a part or the whole of the article set out in plaintiff's petition, was made to defendant by the wife of plaintiff, and although you may believe from the evidence that the defendant published the same, believing, in good faith, that the same was true, yet [if you believe the article itself was false and libelous] the court instructs you that the defendant's good faith or belief in the truth of said article does not constitute a defense in his case, but the jury should consider the same in mitigation of damages.

2. The court instructs the jury that the law presumes that a man intends the natural consequences of his acts. If, therefore, the jury believe and find from the evidence that the natural consequences of the publication complained of was to defame and injure plaintiff in his reputation and character, or expose him to ridicule or contempt, you may properly infer such was the intention of defendant, and if you further believe and find from the evidence that the publication complained of was libelous and false, you may infer that it was maliciously made.

3. The court instructs the jury that it stands admitted that the defendant made the publication set out in plaintiff's petition, of and concerning the plaintiff. Therefore, the court instructs the jury that if you find from the evidence that the publication complained of is libelous and false, you should return a verdict for the plaintiff in such sum as you believe from the evidence, and under the instructions, will be a fair compensation for the injury, if any, naturally and probably done to the plaintiff's reputation and character by the publication in question. And the court further instructs the jury that if you believe from the evidence that the defendant in causing the publication to be made, acted recklessly and in wanton disregard of the plaintiff's rights, then, in addition to the compensation for any actual damage done, you may allow such exemplary or punitive damages, as under the circumstances, you think the defendant ought to be punished with.

These instructions the court gave, after making certain changes by adding to instruction number 1 the words in brackets. To such change and addition thereto, plaintiff then and there duly excepted.

The following instruction was asked by plaintiff and refused:

4. The court instructs the jury that our statute defines a libel to be the malicious defamation of a person made public

by any printing, writing, sign, picture, representation or effigy, tending to provoke him to wrath, or expose him to pub-lic hatred, contempt or ridicule, or to deprive him of the ben-efits of public confidence and social intercourse, and, if, there-fore, you believe and find from the evidence that the article admitted to have been published by the defendant corporation of and concerning the plaintiff, had a tendency to provoke him to wrath, or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse, then the article in question is libelous under the statute.

To which refusal and action of the court, the plaintiff then and there, at the time, excepted.

The court, at the request of the defendant, gave the fol-lowing instruction: "The jury are instructed that they are the sole judges as to whether the article complained of is libelous or not."

To the giving of which the plaintiff, at the time, duly excepted.

It is claimed that the court committed error in amending plaintiff's first instruction by inserting the words, "if you be-lieve the article itself to be false and libelous," and instructing the jury that they were the sole judges as to whether the arti-cle complained of is libelous or not; the grounds of the con-tention being, first, that the publication was libelous *per se*; second, because section 14, article II, of the State Constitu-tion does not apply to civil cases with the same force as to criminal cases; third, that said section, and also section 3872, Revised Statutes of 1889, direct that the jury shall in these cases determine the law "under the direction of the court."

Conceding that the publication was libelous *per se*, that is, "when by itself considered," its truth was a defense to the action, and of which the jury would not have been advised but for the insertion of the words of which plaintiff complains. Without the insertion of those words, the jury were authorized to find for plaintiff, although they may have believed from

the evidence that the article was true.    Under our State Constitution and statute, in an action for libel, the truth thereof may be given in evidence (sec. 14, article II, Constitution of Missouri; sec. 2081, R. S. 1889; Edwards v. George Knapp & Co., 97 Mo. 432), and when proven is a perfect defense to the action.    In Buckley v. Knapp, 48 Mo. 152, in the first instruction given for plaintiff the jury were told that if they believed and found from the evidence that the matter stated in plaintiff's petition as having been published by defendant of and concerning the plaintiff, was and is untrue and defamatory of her, they should find the issue for plaintiff; and, by the fifth instruction given in behalf of defendant, they were told that an action for defamation could not be sustained by a person of whom the truth was published, though the publication were made from actual malice; and, therefore, if it were shown by the evidence that the article published was true so far as related to the plaintiff, a verdict should be returned for the defendant.    And in speaking of these two instructions, the court, on page 161, observed:    "Defendants' fifth instruction so completely qualifies the first one given at the instance of the plaintiff that it is utterly impossible to allege anything objectionable against it."    Unless, therefore, the jury believed that the article complained of was of itself false and libelous, the plaintiff was not entitled to recover, and no error was committed in so instructing them.

The other criticisms before mentioned are leveled at the only instruction given on behalf of defendant wherein the jury were told that they were "the sole judges as to whether the article complained of is libelous or not."    Notwistanding the publication may have been actionable *per se*, it only conferred upon the plaintiff a *prima facie* right of action, and entitled him to recover damages "without any evidence of damage other than that which is implied or presumed from the fact of publication" [Townshend on Slander and Libel (4 Ed.)

sec. 147]; but this *prima facie* case might be overcome by defendant by showing that the publication was true.

And in this connection it was proper for the court to instruct the jury that they were the sole judges of the law, as well as of the facts. [Constitution, art. II, sec. 14; Arnold v. Jewett, 125 Mo. 241; St. James Military Academy v. Gaiser, 125 Mo. 517.]

As to the contention that the provision of the Constitution before referred to "does not apply to civil cases with the same force as to criminal cases," it is unnecessary to say more than that it applies alike to all suits and prosecutions for libel, and provides that the truth thereof may be given in evidence in either case.

Nor is there any merit in the other contention, that under the Constitution and statute the jury must determine the law "under the direction of the court," as we see no place in the record wherein the court or jury failed to observe this mandatory provision.

It is objected that the court refused the fourth instruction asked by plaintiff defining libel. There was no instruction given covering this point, and if this one contains a correct presentation of the law, there are many authorities which hold that such an instruction is proper under similar circumstances. [Parmiter v. Coupland, 6 M. and W. 105; Shattuck v. Allen, 4 Gray 540; 2 Greenl. on Evid. (14 Ed.), sec. 411; Snyder v. Andrews, 6 Barb. 43, and authorities cited.] But it is insisted by defendant that the instruction was properly refused, because it failed to tell the jury that the truth of the publication was a defense. And that being the case the court was not obliged on its own motion to give such a definition in a civil case. If the first proposition is true, that is, that the instruction was properly refused, there is no question as to the correctness of the latter; that is, that the court was not obliged of its own motion to give such an instruction in this case. [Mitchell v. Bradstreet Co., 116 Mo. 226.]

By section 3869, Revised Statutes 1889, libel is defined as follows: "A libel is the malicious defamation of a person made public by any printing, writing, sign, picture, representation or effigy tending to provoke him to wrath or expose him to public hatred, contempt or ridicule, or to deprive him of the benefits of public confidence and social intercourse, or any malicious defamation made public as aforesaid, designed to blacken and vilify the memory of one who is dead, and tending to scandalize or provoke his surviving relatives and friends;" and the instruction under comment is in substantial compliance therewith. The fact that the truth of the publication was a defense, was no part of the definition of libel, and the instruction was not faulty because it failed to state that it was. In State v. Armstrong, 106 Mo. loc. cit. 418, libel was not as well or fully defined as by the refused instruction, and this court, speaking through GANTT, P. J., said: "The instructions correctly told the jury what was necessary to constitute the libel under the information."

The instruction should have been given.

The remaining question to be considered is the action of the court in permitting the pleadings in the McCloskey divorce case to be read to the jury and refusing to withdraw from their consideration the article entitled, "A Question of Finance."

When a libel is alleged by a defendant to be true as in this case, evidence which tends to sustain such allegations is permissible, and as one of the allegations in defendant's answer is that "at the time of the publication there was pending in the circuit court of the city of St. Louis a suit for divorce by the plaintiff against his wife," as preliminary to the proof of other matters set up in the answer it was necessary that the pendency of the divorce suit as alleged be proven, and, there was certainly no better evidence to establish that fact than the pleadings in that suit. [Archer v. Bacon, 12 Mo. 149; State ex rel. v. Maloney, 113 Mo. 367; Greenl. on Evid. (15 Ed.)

sec. 510.]   It was also admissible as tending to show that the publication was made in good faith, and without malice.

As was said by SHERWOOD, J., in Lane v. Railroad, 132 Mo. loc. cit. 19: "Any evidence, therefore, was relevant which tended, even though slightly, to induce belief in the truth of the charges or in the truth of the denial or plea."

For the same reason no error was committed in receiving in evidence the article entitled "A Question of Finance."

For these considerations we reverse the judgment, and remand the same for further trial. GANTT, P. J., concurs; SHERWOOD, J., absent.