**Bobby CASH, Respondent,**

**v.**

**EMPIRE GAS CORPORATION and A. L. Leivan, Appellants.**

No. 36992.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 28, 1976.

Motion for Rehearing or Transfer
Denied Feb. 16, 1977.

Application to Transfer Denied
April 11, 1977.

O. J. Taylor, Taylor, Stafford & Gannaway, Springfield, for appellants.

Geoffrey L. Pratte, Roberts & Roberts, Farmington, for respondent.

ALDEN A. STOCKARD, Special Judge.

In this action for defamation, the jury awarded $15,000 actual damages against defendants Empire Gas Corporation and A. L. Leivan, and $750 against A. L. Leivan and $50,000 against Empire Gas Corporation as punitive damages. Both defendants have appealed.

Plaintiff was employed as manager of Empiregas Inc. of Potosi, a wholly owned subsidiary of Empire Gas Corporation. His employment terminated in November 1969. He thereafter submitted an application to National Life and Accident Insurance Company for employment, and Mr. L. A. Burnside, a regional administrative manager, requested "an activity report or an employment record" with respect to plaintiff from the St. Louis office of American Service Bureau, Inc. In the process of obtaining information for the report Mr. Herbert Harpstrite called Mr. A. L. Leivan, then treasurer of Empire Gas Corporation, by telephone and was told that plaintiff's employment had been terminated "by the company" because he had written "a letter to the employment office claiming that he had more work than he could handle" and further "that [plaintiff] also won a $600 color TV set in a contest sponsored by the company in which the company later found that the figures he submitted were not correct."

Based on the information received from Mr. Leivan and other sources, American Service Bureau, Inc. sent a report to National Life and Accident Insurance Company, which included the following:

"Prior to February 1969 [plaintiff] worked for the Empire Gas Co., [sic] Potosi, Mo., as their manager of their propane gas outlet, a firm with headquarters in Lebanon, Mo. He started with them in September 27, 1967. * * * He was their manager, and was terminated by the company. He wrote a letter to the unemployment [sic] office, claiming that he had more work to do than he could handle and he also won a $600 color TV set in a contest sponsored by the company in which the company later found that the figures he submitted were not correct."

Other than the portion quoted above there is nothing in the entire report derogatory to plaintiff.

Shortly thereafter, plaintiff received a letter from National Life and Accident Insurance Company as follows:

"After carefully reviewing your application for employment, we feel that your opportunity for success will be greater in other employment. This decision was influenced by information in a consumer report made at our request by the American Service Bureau of St. Louis, Missouri, a nationally known reputable source of information for business decisions. We appreciate your interest and wish for your success."

In this action for slander plaintiff joined as defendants Empire Gas Corporation, Empiregas Inc. of Potosi, Mr. A. L. Leivan and American Service Bureau, Inc. Before the case was submitted to the jury, plaintiff dismissed his petition with prejudice as to American Service Bureau, Inc., and the jury returned no verdict pertaining to Empiregas Inc. of Potosi. Hereafter, our reference

to "defendants" shall refer only to Mr. A. L. Leivan and Empire Gas Corporation.

■■ Defendants' separate answers were in the form of a general denial. Neither defendant pleaded truth or conditional privilege as a defense, and defendants offered no evidence. It is clear that plaintiff's position at trial and on this appeal is that "Both truth and qualified privilege are affirmative defenses to be pleaded and proved by [defendants], but [since they] failed to plead these defenses * * * they were not available to [defendants] at trial." As a general rule this is correct, at least when by his pleadings and proof plaintiff does not establish, as a matter of law, the application of an absolute or conditional privilege. See 53 C.J.S. Libel and Slander § 188; *Trice v. Lancaster*, 270 S.W.2d 519 (Mo.App.1954); *Walker v. Kansas City Star Co.*, 406 S.W.2d 44 (Mo.1966). Under a general denial, when justification by reason of truth is not pleaded and privilege is not claimed by the defendant and neither is established by plaintiff, the issues in an action for slanderous words are only whether the defendant spoke of and concerning plaintiff those words, and if so, what damage plaintiff is entitled to recover. However, engrafted in the law of defamation as a matter of public policy, *Lathan v. Journal Company*, 30 Wis.2d 146, 140 N.W.2d 417 (1966), is the principle of qualified or conditional privilege.

"A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right, or interest." 50 Am.Jur.2d Libel and Slander § 195. In the application of this principle it has been stated that "It is an established general rule that a communication respecting the character of an employee or former employee is qualifiedly privileged if made in good faith by a person

having a duty in the premises to one who has a definite interest therein, * * *. So long as good faith is present, the person making the statement is not limited to facts that are within his personal knowledge, but may, and should, pass on to his inquirer all relevant information that has come to him, regardless of whether he believes it to be true or not." 50 Am.Jur.2d Libel and Slander § 273. Also, as stated in § 275, supra, "a communication in respect of the character or qualifications of an employee or former employee may be made to any person who has a legitimate interest in the subject matter thereof, such as a prospective employer * * *." See also *Lonergan v. Love*, 235 Mo.App. 1066, 150 S.W.2d 534 (1941); *Estes v. Lawton-Byrne-Burner Insurance Agency Co.*, 437 S.W.2d 685 (Mo. App.1969).

■■ The pleadings averred and plaintiff's evidence established that the alleged defamatory communication was made on behalf of a former employer to the agent of a prospective employer. Whether the principle of qualified privilege applies is to be determined by the court and not the jury, *Fisher v. Myers*, 339 Mo. 1196, 100 S.W.2d 551 (1936); *Lonergan v. Love*, supra, and under the facts and circumstances of this case, as established by plaintiff's pleadings and evidence, we necessarily conclude that as a matter of law, the principle of conditional privilege is applicable.

■■ As previously noted, plaintiff asserts that the issue of conditional privilege is not in this case because defendants did not plead it affirmatively as a defense. However, we do not consider this to be an issue of the sufficiency of defendants' pleadings. It is basically a question of what plaintiff was required to prove in order to make a submissible case.

In the early case of *Finley v. Steele*, 159 Mo. 299, 60 S.W. 108, 109 (1900), it was stated that when the publication is of a privileged communication, " 'an additional burden of proof is put upon the plaintiff, and he must show the existence of express

malice.' " A few years later in *Kersting v. White*, 107 Mo.App. 265, 80 S.W. 730, 735 (1904), an action for slander, this court stated: "There was no allegation in the answer that the communication was a qualifiedly privileged one; *hence the defendant could not interpose that as a defense*. But if the plaintiff *by her own evidence* conclusively showed the communication was a qualifiedly privileged one, and offered no proof whatever of express malice, then the court should have nonsuited her, notwithstanding the failure of defendant to plead his privilege." (Italics added.) The result is that when the principle of conditional privilege is established, *plaintiff* must then assume a greater burden in order to make a submissible case. We find this principle forcefully announced by the Missouri Supreme Court in *Pulliam v. Bond*, 406 S.W.2d 635, 641 (Mo.1966). There, in an action for libel, the court quoted with approval from 53 C.J.S. Libel and Slander § 101, as follows: " 'The utterance or publication of a communication on a privileged occasion rebuts the inference of malice and falsity which would otherwise arise as a matter of law; and, where such a communication is shown, *the burden of proving its falsity and that the defendant was actuated by express malice is generally held to be on the plaintiff.*' " (Italics added.) It was then added: "The rule is recognized in Missouri as well as elsewhere that the existence of a conditional or qualified privilege precludes as inference of malice from the communication of false and defamatory matter, and the plaintiff has the burden of proving express malice." See *Porterfield v. Burger King Corp.*, 540 F.2d 398 (8th Cir. 1976).

Although plaintiff emphatically asserts in his brief that "the burden of pleading qualified privilege as a defense rest[ed] upon [defendants], [and since] they did not plead this defense * * * qualified privilege is not an issue," he argues in the alternative that he proved falsity and express malice.

▮ Proof of the falsity of a statement and knowledge of such falsity (or reckless disregard of plaintiff's rights without

knowledge of whether it was true or false), may be shown as evidence of malice, *Potter v. Milbank Manufacturing Company*, 489 S.W.2d 197 (Mo.1972); *Conrad v. Allis-Chalmers Mfg. Co.*, 228 Mo.App. 817, 73 S.W.2d 438 (1934); *Hall v. Brookshire*, 285 S.W.2d 60 (Mo.App.1955); but a false defamatory statement made on the occasion when the principle of qualified privilege is applicable may be made without express malice when the communicator acts in good faith and reasonably believes it to be true. *Cook v. Pulitzer Pub. Co.*, 241 Mo. 326, 145 S.W. 480 (1912); *Pulliam v. Bond*, supra. But, since truth is a complete defense to an action for defamation, *Thomson v. Kansas City Star Company*, 387 S.W.2d 493 (Mo.1965); *Mansur v. Lentz*, 201 Mo.App. 256, 211 S.W. 97 (1919); *McCloskey v. Pulitzer Pub. Co.* 152 Mo. 339, 53 S.W. 1087 (1899), a truthful statement cannot be made with express malice as that term is used in the law of defamation. See *Cook v. Pulitzer Pub. Co.*, supra 145 S.W. at p. 490, where it was stated that the defense of truth "may be complete, though it be shown that the defendant was actuated by express malice." See also *Williams v. Kansas City Transit, Inc.*, 339 S.W.2d 792, 797 (Mo.1960), where it was said: "Truth is a defense to libel; and recourse to the defense of qualified privilege, available in appropriate circumstances for justification of *untrue statements*, is not a necessary element of a defense where only true facts are stated." (Italics added.) Therefore, the burden to prove falsity really goes to the issue of whether plaintiff has proved that the communication was made with express malice.

▮ Defendants did not by their pleadings admit falsity, and they offered no evidence. Plaintiff, in effect, admits he presented no evidence tending to show the falsity of the statement that his employment terminated "because of an unfair method of winning a contest." He argues however, that "the defamatory statement alleged * * * was that [he] had been *fired* due to an unfair method of winning a contest," and he asserts that to state falsely

that one has been "fired" from his employment is defamatory. That is an issue we need not decide. The words alleged as defamatory were not the words submitted in the verdict directing instructions. The words submitted were that "A. L. Leivan maliciously stated that plaintiff had been terminated by his employer because of an unfair method of winning a contest." To say of another that his employer "terminated" his employment is not defamatory. It becomes so in this case only when that statement is coupled with the further statement that the termination occurred because he, in effect, "cheated" in winning a contest. Therefore, the presentation of evidence that plaintiff voluntarily quit his employment, and nothing more, did not constitute proof of the falsity of the *defamatory* portion of the statement submitted by the instructions.

We must necessarily conclude that plaintiff failed to meet his burden of proof in that he did not present evidence that the alleged defamatory portion of the communication was false, and for that reason did not prove express malice within the meaning of that term when applied to a claim of defamation in which the principle of qualified privilege exists as a matter of law.

Other matters presented by appellants need not be ruled.

Defendants' motion to dismiss the appeal because of an alleged failure to comply with Rule 84.04 is overruled for the reason that there are no substantial violations of the Rule.

The trial court erred in failing to sustain the motion of each defendant for a directed verdict, and for that reason the judgment is reversed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.