**James BIERMANN, Appellant,**

v.

**The PULITZER PUBLISHING COMPANY d/b/a St. Louis Post-Dispatch, Respondent.**

No. 43424.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1981.

Charles E. Foehner, Fahrenkrog & Foehner, St. Louis, for appellant.

John M. Hessel, St. Louis, for respondent.

CRIST, Judge.

Summary judgment granted on libel case. We affirm.

James Biermann (plaintiff) filed his libel petition against The Pulitzer Publishing Company d/b/a St. Louis Post-Dispatch (Newspaper) alleging in substance:

On about October 31, 1979, Newspaper erroneously reported that plaintiff, James Robert Biermann of 1050 Perry Street,

St. Charles had been arrested on several drug charges. Newspaper reported that plaintiff had been formerly charged following an April 2, 30, and May 31, 1979 sale of marijuana; and April 4 sale of valiums; and on April 17 sale of cocaine. Newspaper further stated that plaintiff was released on bonds totalling $100,-000.00. The information for the article was supplied to Newspaper by the police department of the City of St. Charles.

Newspaper admitted the publication. They claimed a qualified privilege under *Estes v. Lawton-Bryne-Bruner Insurance Agency Co.*, 437 S.W.2d 685 (Mo.App.1969) by reason of having taken information from the police department files.

Newspaper filed its motion for summary judgment supported by ten documents from the police department files of the City of St. Charles and an affidavit of Dennis Hannon, the primary writer of the article in question. Hannon swore he believed the information contained in the article was true, at the time of publication, and it was not published with malice toward the plaintiff. The information for the news article was obtained directly from the arrest warrants, bonds and affidavits of the prosecuting attorney of St. Charles County.

Plaintiff filed no opposing affidavits as provided by Rule 74.04(e), so the facts contained within Newspaper's exhibits and affidavits must be considered admitted. *Kinder v. Notorangelo*, 615 S.W.2d 433, 434 (Mo.App.1980).

The reporter who wrote the story that "James Robert Biermann" was arrested and charged had the following information from the St. Charles police files:

(1) The style of the case was consistently stated as *"State of Missouri v. James Robert Biermann."*

(2) The "Warrant for Arrest" executed by Associate Circuit Judge William T. Lohmar, Jr. called for the arrest of "James Robert Biermann."

(3) The return on the arrest warrant, executed by the sheriff indicated "James Robert Biermann" was in fact arrested and produced before this court.

(4) The address in the arrest warrant "1050 Perry Street" is the address of "James Robert Biermann."

(5) The personal recognizance bond form refers to the defendant as "James Robert Biermann."

(6) The notary who acknowledged the signature on the recognizance indicated the signature acknowledged was that of "James Robert Biermann."

(7) The complaint executed by the prosecuting attorney and an assistant prosecuting attorney, whose signatures were acknowledged by Associate Judge Lohmar, charged "James Robert Biermann."

(8) The bond in the amount of Twenty-Five Thousand Dollars ($25,000.00), executed by sureties "Milton Biermann" and "Marian Biermann" names "James Robert Biermann" in two places as the defendant for whom the bond is posted.

(9) "Warrants for Arrest" with respect to five separate charges all refer to "James Robert Biermann."

(10) The signature on the personal recognizance bond and the security bond is "Robert A. Biermann."

(11) The address of plaintiff, 1050 Perry Street, is in conflict with the address of the parents of Robert A. Biermann, 235 Pinedale, St. Charles, that appears on the bond.

From Hannon's affidavit and the attached exhibits, summary judgment was proper in this case. There was ample proof that the article about the arrest of James Robert Biermann was made with the belief that such report was true. The signature of Robert A. Biermann on the bond and the address conflict are insignificant when compared with the information on the other exhibits that James Robert Biermann had been arrested. Plaintiff did not plead nor show Newspaper had acted outside its qualified privilege, *see, White v. American Postal Workers U., St. Louis*, 579 S.W.2d 671, 674 (Mo.App.1979), by printing the article knowing it was false or with reckless disregard for whether it was true or false at a time when Newspaper had serious doubt as

to whether it was true. *See also, Cash v. Empire Gas Corp.*, 547 S.W.2d 830, 834 (Mo. App.1976). Even though summary judgment is an extreme and drastic remedy, it is appropriate in this case. *See, Johnson v. Givens Real Estate, Inc.*, 612 S.W.2d 797, 799 (Mo.App.1981).

Judgment affirmed.

REINHARD, P.J., and SNYDER, J., concur.