Thomas M. PIRACCI, Infant, by His Mother and Next Friend, Violet M. Piracci,

v.

The HEARST CORPORATION.

Civ. A. No. 16696.

United States District Court
D. Maryland.

April 26, 1966.

Marvin Ellin, Baltimore, Md., for plaintiff.

Theodore Sherbow, William A. Agee, Sherbow, Shea & Doyle, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

NORTHROP, District Judge.

Defendant has moved for summary judgment in this libel action. The facts on which this present motion is based have been viewed by the court in the light most favorable to the plaintiff. These facts have been taken from plaintiff's pleadings, from written admissions, from various documents submitted by plaintiff, and from statements made in open court. They are as follows:

On or about August 14, 1965, the police department of Ocean City, Maryland, received information regarding the possible possession and sale of marijuana and other narcotics by the operators of the Mariner Sandal Shop in Ocean City. The police, acting upon this information, obtained a search warrant.

As a result of the search warrant, a mass arrest was made on August 14, 1965, of persons present in a back room of the Mariner Sandal Shop. Those arrested were taken to the police station. Among those present and taken to the police station was the infant plaintiff, Thomas Michael Piracci.

The following notation was made in the docket or log of the Ocean City Police Department:

"8/14—10:15 P.M.

"20.) T. Michael Piracci 15 poss. marij.
9 Cloverly Rd.
Pikesville, Md."

The following entry appears in Arrest Record Number 2943 of the Ocean City Police Department:

"Defendant—Piracci, Thomas Michael
Address—9 Cloverly Rd., Pikesville, Md.

Charge—Poss. of Marijuana
Place of Arrest—4th & Bwk.
Date of Arrest—8/14/65 Time 10:15 P.M."

Thomas Michael Piracci was detained as a juvenile in a detention room at the

Ocean City Police Substation and was questioned by the police to determine what knowledge he had of the presence of marijuana on the premises of the sandal shop. On Sunday morning, August 15, 1965, the infant plaintiff was released to the custody of his father and was directed to appear before the judge of the Juvenile Court in Snow Hill, Maryland, on August 20, 1965, for a hearing.

On or about August 18, the defendant newspaper published the following article:

"AT OCEAN CITY

"NARCOTICS CHARGES HOLD FIVE FROM BALTIMORE

"OCEAN CITY, Aug. 16—Five young Baltimoreans—four of them teenagers—are facing narcotics charges today following a Saturday night raid by Ocean City police.

"The raid came midway during a weekend filled with arrests for drunk and disorderly conduct, shoplifting, vagrancy and illegal possession of alcohol that so far have netted $315 in fines.

"IN CUSTODY today were Mark W. Clements, 20, 918 Foxwood Lane, charged with possession of marijuana and operating a disorderly house; Michael B. Accala, 19, 343 Ballou Court, possession of marijuana; Thomas Michael Piracci, 15, 9 Cloverly Rd., possession of marijuana; Miss Wanda L. Embey, 19, 1100 Calvert St., possession of marijuana and Miss Susanne Ruth Beck, 18, Inwood Rd., Route 5, accessory to possession of marijuana."

At some time before the juvenile hearing on August 20, it was determined that the plaintiff had been employed as a sandal maker at the raided premises. Investigation failed to reveal any connection between the plaintiff and the marijuana, other than his presence on the premises. On August 20, the juvenile petition involving Piracci was withdrawn upon the motion of the State's Attorney for Worcester County.

On September 8, plaintiff brought this libel action, claiming that the defendant falsely and maliciously published the above-quoted newspaper article. Thereafter, defendant moved for summary judgment, claiming that there is no genuine dispute as to a material fact, and that he is entitled to judgment as a matter of law.

Plaintiff's suit rests on the following contentions:

(1) That on the date the article was published and on the date referred to in the article, the infant plaintiff in fact was at home with his parents in Pikesville.

(2) That he had not been charged with possession of marijuana since, as a juvenile, under Md.Code Ann. art. 26, § 54 (1964), he could have been charged only as a delinquent, dependent, neglected, or feeble-minded child, and not with the commission of any crime.

I.

The fact that the article states that the plaintiff was in custody on August 16, whereas he in fact had in fact been released on the fifteenth, does not support this action for libel. A newspaper enjoys a qualified privilege to the extent that an account such as the publication involved in this case "is fair and substantially correct." Brush-Moore Newspapers, Inc. v. Pollitt, 220 Md. 132, 138, 151 A.2d 530 (1959). Cf. Evening News Co. v. Bowie, 154 Md. 604, 611, 141 A. 416 (1928); 14 Md.Law Encyc., Libel & Slander § 44 (1961); 1 Harper & James, Torts § 5.24, at 432 (1956). As a matter of law, the court concludes that the statement that the plaintiff was in custody on the sixteenth, whereas in fact he had been released from the physical custody of the police on the fifteenth, was such a minor variation of the true fact that, as to this point, the article is substantially accurate.[1]

---

1. Thus, the court need not consider defendant's argument that the statement is

"true" because the plaintiff was still in the "custody of the court."

**514**

## II.

Plaintiff further urges that because the publication lists "possession of marijuana" after the plaintiff's name, the motion for summary judgment must be denied. This contention is based upon Md. Code Ann. art. 26, § 54 (1964), which provides as follows:

"Any child brought before the judge in the exercise of the aforesaid jurisdiction [over juveniles] shall be charged *only* as a dependent child, a delinquent child, a neglected child, [or] a feeble-minded child, * * * and *shall not be charged with the commission of any crime.* * * *" (Emphasis added.)

Under section 54, the plaintiff could not have been "charged" with the commission of a *crime* until after a judge, sitting as a juvenile court, had determined to waive juvenile jurisdiction so that the child might be tried as an adult. Therefore, claims the plaintiff, the article is false in stating that he had been charged with possession of marijuana.

■ However, in providing for waiver of juvenile jurisdiction section 54 states:

"If any such child is *charged with* the commission of an *act* * * * which would amount to a misdemeanor or felony if committed by an adult, the judge, after full investigation, may in his discretion waive jurisdiction * * *." (Emphasis added.)

Thus, it seems that a juvenile can be "charged" with the *act* of possessing marijuana; this charged act would justify his being brought before a judge on a charge of delinquency. Thus, plaintiff

would be foreclosed from recovery if the article had stated:

"Thomas Michael Piracci, 15, 9 Cloverly Rd., charged with delinquency due to the act of possessing marijuana."

If that ten-word statement would foreclose liability, it seems less than reasonable to allow recovery when the only notation following the name and address was "possession of marijuana." At any rate, the difference between "delinquent by reas[on] of possession of marijuana" [2] and "possession of marijuana" is, in legal effect in this libel action, so slight that this portion of the article, as a matter of law, is also substantially accurate.[3]

## III.

■ Recovery is further foreclosed by the privilege a newspaper enjoys to publish reports of the arrest of persons and the charges upon which the arrests are based, as well as other matters involving violations of the law. This privilege remains intact so long as the publication is confined to a substantially accurate statement of the facts and does not comment upon or infer probable guilt of the person arrested.

In Commercial Publishing Co. v. Smith, 149 F. 704, 706 (6th Cir. 1907), the court stated, in upholding the privilege of a newspaper to comment upon the fact of an arrest, that "the publication of the fact that one has been arrested, and upon what accusation, is not actionable, if true. * * * The defense against an action for writing or saying of one that he has been arrested upon a particular charge is that the fact is true. * * *"[4] Substantially the same lan-

2. This language appears in the petition directing young Piracci to appear for a hearing on August 20.

3. Plaintiff has presented the court with a letter from the City Solicitor of Ocean City, which indicates that the word "charges" on the arrest docket is not used in any legal sense. But that letter also states that "charges" is used as a catch-all to furnish a record of why a person has been arrested or detained.

The court feels that the letter only adds further support to the conclusion that the article stated, with substantial accuracy, the reason for Piracci's detention, *viz.* the charged acts for which he had been arrested.

4. The court granted a new trial, however, for a determination as to whether the article implied guilt by going beyond a mere report of the fact of an arrest.

guage appears in Lancour v. Herald & Globe Ass'n, 111 Vt. 371, 17 A.2d 253, 256, 132 A.L.R. 486 (1941). Cf. O'Neal v. Tribune Co., 176 So.2d 535 (Fla.App. 1965); Stice v. Beacon Newspaper Corp., Inc., 185 Kan. 61, 340 P.2d 396, 76 A.L.R. 2d 687 (1959).

■ The publication involved in the instant case cannot be said to comment upon the guilt or innocence of young Piracci. The article, as a whole, gives a substantially accurate account of the arrest of the plaintiff and the reason for that arrest.

### IV.

The parties are in disagreement as to the public nature of the arrest docket and log, which contain the notation that Piracci was arrested on a "charge" of "possession of marijuana," and from which the reporter obtained his information. Plaintiff claims that the records are not "public records" and that the defendant therefore cannot escape liability by relying upon the privilege to publish the contents of public records. Defendant, on the other hand, claims that the records are "public records" and that their status as such offers an additional ground for the granting of its motion for summary judgment. Cf. Law v. Scott, 5 Har. & J. (Md.) 438 (1822).

As the previous sections of this opinion indicate, there are ample grounds for granting the defendant's motion for summary judgment. Inasmuch as the article was substantially accurate, defendant need not be forced to rely upon a conditional privilege to publish the contents of public records. Nevertheless, the court has considered the issue.

A case quite similar to the present case, Francois v. Capital City Press, 166 So.2d 84 (La.1964), involved a libel action against a newspaper publisher. That action was based upon a published statement that the plaintiff had been arrested upon a charge of possession of narcotics. The article was published in reliance upon an entry in a police log book that the plaintiff had been arrested on a charge of possession of narcotics, al-though there later was a dispute as to the correctness of that entry. Because there was a dispute as to whether the plaintiff in fact had been arrested on a charge of possession of narcotics, the court there was forced to assume that the log entry was erroneous and to consider whether the police log book was a "public record." In the present case, however, the court has concluded that the article—as well as the police records—contains a substantially accurate statement of the charge upon which Piracci was arrested.

But assuming (although the court holds otherwise) that the article did not state with substantial accuracy the charge upon which the arrest was made, this court concludes that the Ocean City Police Department records were "public records" and that the defendant was privileged to rely upon their contents.

In *Francois* the court concluded:

"We feel that since a newspaper may report the fact that a person was arrested and the charge for which he was arrested, it may rely for such a report upon the principal record kept by the arresting authority, which record is a 'public record,' to show accurately whether the arrest was made and the specific charges which were being filed against the arrested person. * * *" 166 So.2d at 90.

The court there construed a state statute classifying certain documents as "public records" to include the police log books which contained the statement of the charge filed against the plaintiff. Admittedly, there is no Maryland statute or Ocean City ordinance specifically denominating the Ocean City Police Department records as "public records." Nevertheless, the court feels that they are "public records." They are kept by the police as part of their daily routine. They constitute the only official record of arrests kept in Ocean City.

■ Even if the police records were not "public records," plaintiff could not prevail, for the court has concluded that the article contains a substantially accurate statement of the charge against

Piracci. If the reporter personally had observed the raid and the arrest, and if the identical article then had been published, there would be no liability because of the substantially accurate account of what had transpired. The case for liability does not become stronger because the reporter acquired his information from a police docket rather than from personal observation.

Finally, plaintiff would not be able to show malice in the publication of the article.

The affidavit of the City Editor of the Baltimore News American states that the article was compiled from information obtained from the above-mentioned records and "was published without malice as a good faith report of arrests made and charges placed by the Ocean City Police Department * * *."

The plaintiff, in answer to the court's query as to whether he could show malice, answered only that "the Defendant newspaper will admit that it has adhered to a longstanding policy of seldom, if ever, publishing the names of juveniles who are under police investigation or who are arrested" and that "malice is implied by law by virtue of the wanton and reckless publication of the article out of which this suit arises."

The article, being a substantially accurate publication of facts which the newspaper has a legitimate right to report hardly can be found to be "wanton and reckless."

The "longstanding policy" (if proved actually to have been a long-standing policy), standing alone, does not justify an inference of malice in this case. Thus, there being no basis for a finding of either actual or implied malice, recovery cannot be had.

For the reasons stated above, it is this 26th day of April, 1966, by the United States District Court for the District of Maryland,

Ordered that the defendant's motion for summary judgment be granted, there being no genuine dispute as to a material fact.