David YERKIE t/a Aquarius Towing and Storage

v.

POST–NEWSWEEK STATIONS, MICHIGAN, INC., et al.

Civ. A. No. M–78–1050.

United States District Court, D. Maryland.

April 9, 1979.

---

Bert W. Kapinus, Mount Rainier, Md., for plaintiff.

William E. Nelson, Chevy Chase, Md., and L. Stanley Paige, Washington, D. C., for defendants.

*Memorandum and Order*

JAMES R. MILLER, Jr., District Judge.

This is an action for defamation growing out of a T.V. news program in which the T.V. news reporter allegedly made false or misleading statements relating to the manner and method in which the plaintiff conducted his towing business. Defendants have moved for summary judgment, claiming qualified privilege.

▌ The plaintiff is a private party within the meaning of *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *Time, Inc. v. Firestone*, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976); and *Jenoff v. Hearst Corp.*, 453 F.Supp. 541 (D.Md.1978).

▌ Under present law, each state may establish the standard for liability in a private defamation suit as long as the standard is not liability without fault, *Gertz v. Robert Welch, Inc., supra.*

In *Jacron Sales Co., Inc. v. Sindorf*, 276 Md. 580, 350 A.2d 688 (1976), the Maryland Court of Appeals concluded that, in cases of private defamation, the applicable standard in Maryland would be as set forth in the *Restatement (Second) of Torts*, Section 580B (Tentative Draft No. 21, 1975). That standard may be paraphrased as follows:

"One who publishes a false and defamatory statement concerning a private individual is subject to liability if (1) he knows that the statement is false and

that it defames the other person; or (2) he acts in reckless disregard of whether it is false or defames the other person; or (3) he acts negligently in failing to ascertain whether the statement is false or defames the other person."

■ In defamation actions brought by private plaintiffs, *The New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), test of "constitutional malice," while not required to be met to recover for actual damages, is a prerequisite in Maryland and elsewhere to recover for presumed or punitive damages, *Gertz v. Robert Welch, Inc., supra; Jacron Sales Co. v. Sindorf, supra*, 276 Md. at 589–590, 350 A.2d 688; *General Motors Corp. v. Piskor*, 277 Md. 165, 174, 352 A.2d 810 (1976). *The New York Times Co.* "constitutional malice" test of "[k]nowing falsity or reckless disregard for truth involves proof of a 'high degree of awareness of . . . probable falsity,' *Garrison v. Louisiana*, 379 U.S. 64, 74, 85 S.Ct. 209, 216, 13 L.Ed.2d 125 (1964), such that the defendant 'entertained serious doubts as to the truth of his publication.' *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968)." *Marchesi v. Franchino*, 283 Md. 131 at 137, 387 A.2d 1129 at 1132 (1978).

■ While the doctrine of a conditional or qualified privilege has been retained by the Maryland Court of Appeals in the post *Gertz* law of defamation in Maryland, the degree of malice required to defeat the defense of a conditional or qualified privilege in cases of private defamation is measured by *The New York Times Co.* "constitutional malice" standard of " 'knowledge of falsity or reckless disregard for truth,' " *Marchesi v. Franchino, supra.*

■ To summarize, therefore, in Maryland at the present time, in a defamation suit brought by a private plaintiff against a media defendant, the measure of liability is the negligence standard unless the circumstances have given rise to a conditional or qualified privilege in which event *The New York Times Co.* test must be met by the plaintiff in order to defeat the defense of privilege.

Judge Levine for the Maryland Court of Appeals in *Jacron Sales Co., supra*, went to great length to explain that the ". . . very essence of the *Gertz* decision . . . was the shift in focus from the protection of free expression . . . to the state interest in protecting private persons who have been defamed." 276 Md. at 589, 350 A.2d at 693. Nothing in *Jacron Sales Co.* or its progeny indicates that the Maryland Court of Appeals has intended to expand the defense available to the media of conditional privilege to make it more difficult for a private plaintiff to obtain recovery in a defamation suit. If anything, the defense of qualified privilege available to the media, which existed in the pre-*New York Times Co.* days when, in the absence of a privilege, liability for a false defamatory statement existed without fault, is less necessary to maintain a proper balancing of conflicting interests now that a media defendant may be held liable only for actual damages caused by its negligence and may not be held liable for presumed damages or punitive damages in the absence of "constitutional malice."

■ The question of whether a defamatory communication enjoys a conditional privilege is one of law for the court. *Jacron Sales Co. v. Sindorf, supra*, 600, 350 A.2d 688.

The common law recognized at least three types of conditional or qualified privilege: (1) conditional privilege arising from an occasion; (2) privileged criticism or "fair comment"; and (3) special privilege including reports of special proceedings or public meetings.

■■ Reports of an official proceeding or of a meeting open to the public which deals with a matter of public concern are privileged if substantially accurate and fair and impartial. *See* for instance *Restatement (Second) of Torts*, Section 611; *Brush-Moore Newspapers Inc. v. Pollitt*, 220 Md. 132, 151 A.2d 530 (1959); *Evening News Co. v. Bowie*, 154 Md. 604, 610–611, 141 A. 416 (1928); *Piracci v. Hearst Corp.*, 263 F.Supp. 511, 513 (D.Md.1966). While a privilege

applicable to reports of official proceedings applies to a report of the fact of arrest or the fact that a charge has been made, it does not apply to statements made by the police, by the complainant or other witnesses or by the prosecuting attorney as to the facts of the case or the evidence expected to be given which have not yet been made a part of the judicial proceeding or of the arrest process. *See Restatement (Second) of Torts*, Section 611, Comment D. In the instant case, there was never an arrest or judicial proceeding and the qualified privilege relating to the reports of such proceedings is not applicable.

The common law qualified privilege of "fair comment" is probably no longer needed. The *Second Restatement of Torts* omits this privilege stating "A statement of opinion which does not imply a defamatory statement of fact is no longer actionable, and no privilege is needed." This view seems in accord with the Maryland law. While Maryland cases have recognized the "fair comment" privilege, they have held that it does not extend to repetition of false statements, *Pulvermann v. A. S. Abell Co.*, 228 F.2d 797, 802 (4th Cir. 1956), and can only prevail when the facts on which a privilege is based are truly stated or privileged themselves, *Brush-Moore Newspapers v. Pollitt, supra*. That "fair comment" privilege does not afford the defendants in this action any real protection.

No Maryland case has been found which applies the qualified or conditional privilege arising from an occasion to the media. *See e. g. Marchesi v. Franchino, supra; Jacron Sales Co. v. Sindorf, supra; Hollander v. Pan American World Airways, Inc.*, 382 F.Supp. 96 (D.Md.1974); *Orrison v. Vance*, 262 Md. 285, 277 A.2d 573 (1971). By implication, Judge Harvey of this court in *Jenoff v. Hearst Corp.*, 453 F.Supp. 541 (D.Md. 1978), held that the qualified or conditional privilege of occasion does not apply to the media merely because the media have published events considered to be newsworthy to the world at large.

This court is of the view that under Maryland law, a qualified privilege does not exist for the media simply because the alleged defamatory material relates to a subject of general or public interest. If the media were to have such a qualified privilege, the practical result would be to place the law of defamation in Maryland relating to the media to the condition argued for by the plurality in *Rosenbloom v. Metromedia*, 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971), which was rejected in *Gertz*. The Court of Appeals of Maryland has given no indication that it desires to achieve that result.

The defendants' motion will be denied.

It is SO ORDERED this 9th day of April, 1979.