LaCOMB v. JACKSONVILLE DAILY NEWS CO.

[142 N.C. App. 511 (2001)]

DANIEL WILLIAM LaCOMB AND GAIL ANN LaCOMB, Plaintiffs v. JACKSONVILLE DAILY NEWS COMPANY, Defendant

No. COA00-501

(Filed 20 March 2001)

**Libel and Slander— newspaper article—substantial accuracy**

Summary judgment was correctly granted for defendant newspaper in a defamation action arising from a report that defendants had been arrested for contributing to the delinquency of two minors and had been accused of "encouraging cigarette smoking; beer drinking and engaging in sex acts involving a 15-year-old boy and 16-year-old girl." Although plaintiffs contend that the article indicated that they had been arrested for engaging in sex acts with two juveniles, the structure of the newspaper article is at least as clear as the warrant in conveying that plaintiffs were charged with encouraging juveniles to act in specific ways. Defendant is not held to a standard of absolute accuracy and this article, taken as a whole, is a substantially accurate report of the allegations in the arrest warrant.

Appeal by plaintiffs from order entered 10 December 1999 by Judge Charles Henry in Onslow County Superior Court. Heard in the Court of Appeals 1 February 2001.

*Jeffrey S. Miller and John W. Ceruzzi, for plaintiff-appellants.*

*Smith Helms Mulliss & Moore, L.L.P., by John A. Bussian, and Jonathan E. Buchan, for defendant-appellee.*

MARTIN, Judge.

Plaintiffs were arrested 6 November 1998 and each charged with misdemeanor counts of contributing to the delinquency of two minors. The warrants alleged that plaintiffs "knowingly" did "cause, encourage and aid" the named juveniles "to commit an act, drinking beer and smoking cigarettes, and engage in a sex act, whereby that juvenile could be adjudicated delinquent." On 10 November 1998, the Jacksonville Daily News (defendant) published a three paragraph story about the arrest of plaintiffs in the local "Blotter" section of the newspaper. The article stated in part: "The two were both accused of encouraging cigarette smoking; beer drinking and engaging in sex acts involving a 15-year-old boy and 16-year-old girl." On 25 May 1999,

all charges against plaintiff Daniel Lacomb were dismissed; plaintiff Gail Lacomb later pled no contest to one count of giving cigarettes to a minor.

Plaintiffs filed the present action for defamation against defendant, alleging that the wording of the article indicated the plaintiffs had been arrested for engaging in sex acts with two juveniles. On 10 December 1999, the trial court granted defendant's motion for summary judgment in Onslow County Superior Court. Plaintiffs appeal.

---

Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2000). Summary judgment is intended for the expeditious disposition of cases on their merits where no genuine issues of material fact exist and only questions of law are involved. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971). No genuine issues of fact exist in the present case; the only issue is one of law, i.e., whether defendant's reporting of plaintiffs' arrest was "substantially accurate" under the conditional "fair report privilege." We hold that it was and affirm summary judgment in defendant's favor.

Although the fair report privilege has never been explicitly defined by North Carolina case law, the privilege nonetheless exists to protect the media from charges of defamation. In *Kinloch v. News & Observer Pub. Co.*, 314 F. Supp. 602, 606 (E.D.N.C. 1969), *affirmed*, 427 F.2d 350 (4th Cir. 1970), the federal district court, citing North Carolina law in a case involving a newspaper report of a hearing before the Alcohol Control Board, referred to a conditional or qualified privilege which protects "publication of matters of public interest." This conditional privilege refers to the protection afforded a newspaper when the account of an incident is substantially accurate:

> The law does not require absolute accuracy in reporting. It does impose the word "substantial" on the accuracy, fairness and completeness. It is sufficient if it conveys to the persons who read it a substantially correct account of the proceedings.

*Id.* at 607. Indeed, the United States Supreme Court, in attempting to balance the protection of private individuals from defamatory state-

## LACOMB v. JACKSONVILLE DAILY NEWS CO.

[142 N.C. App. 511 (2001)]

ments against the need to encourage First Amendment freedoms, has recognized that some error is inevitable in reporting and publishing. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 41 L.Ed.2d 789 (1974). The fair report privilege flows from the absolute privilege which attaches to statements made "in the due course of a judicial proceeding." *Jarman v. Offutt*, 239 N.C. 468, 472, 80 S.E.2d 248, 251 (1954). Official statements made in a judicial proceeding "will not support a civil action for defamation." *Id.* This privilege includes statements made in arrest warrants. *Jones v. City of Greensboro*, 51 N.C. App. 571, 584, 277 S.E.2d 562, 571 (1981), *overruled on other grounds, Fowler v. Valencourt*, 334 N.C. 345, 345 S.E.2d 530 (1993). "[S]tatements in pleadings and other papers filed in a 'judicial proceeding' which are relevant or pertinent to the subject matter in controversy are cloaked with this absolute privilege." *Id.*

Courts in other jurisdictions have articulated the privilege protecting the media when reporting on official arrests:

> Recovery is further foreclosed by the privilege a newspaper enjoys to publish reports of the arrest of persons and the charges upon which the arrests are based, as well as other matters involving violations of the law. This privilege remains intact so long as the publication is confined to a substantially accurate statement of the facts and does not comment upon or infer probable guilt of the person arrested.

*Piracci v. Hearst Corporation*, 263 F.Supp. 511, 514 (D.Md. 1966), *affirmed*, 371 F.2d 1016 (4th Cir. 1967). Substantial accuracy is therefore the test to apply when a plaintiff alleges defamation against a member of the media reporting on a matter of public interest, such as an arrest.

In the present case, each of the four arrest warrants present essentially identical language:

> I, the undersigned, find that there is probable cause to believe that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully did knowingly, while at least 16 years of age, cause, encourage and aid [the named juvenile, the named juvenile's age], to commit an act, drinking beer and smoking cigarettes, and engage in a sex act, whereby that juvenile could be adjudicated delinquent.

The article printed by the Daily News stated in full:

**Delinquency of a minor**

Daniel William LaComb, 32 and Gail Ann Lacomb, 31, both of 909 Gattis Road, Jacksonville were both arrested by Jacksonville Police and charged with contributing to the delinquency of a minor.

The two were both accused of encouraging cigarette smoking; beer drinking and engaging in sex acts involving a 15-year-old boy and 16-year-old girl.

The misdemeanor violations allegedly occurred on Sept. 26. The two were arrested Friday, according to warrants at the Onslow County Magistrate's Office.

Plaintiffs contend the ambiguous wording in the article implies that plaintiffs themselves engaged in sexual acts with the juveniles.

Although defendant's punctuation and sentence structure may have been grammatically lacking, we do not agree with plaintiffs that the wording of the article failed to achieve "substantial accuracy." The wording of the original arrest warrant was somewhat ambiguous. The warrant alleges plaintiffs encouraged the juveniles to commit "an act," but lists three separate "acts." Moreover, the phrase "drinking beer and smoking cigarettes" is set apart with commas from the third allegation in the series, "engage in a sex act," giving the potential impression that the sex act may have been a separate allegation from the other acts.

The structure of the newspaper article, absent the semicolon, is at least as clear as the warrant in conveying that plaintiffs were charged with encouraging juveniles to act in specific ways. Although the semicolon is admittedly misused in the sentence, its use does not cause the article to fail the substantial accuracy test when compared to the warrant. The first sentence explicitly states that plaintiffs were charged with contributing to the delinquency of a minor. The third sentence explicitly states that the violations were misdemeanors. We reiterate that defendant is not held to a standard of "absolute accuracy," but rather must convey to those who read the newspaper "a substantially correct account" of the arrests described in the warrants. *Kinloch* at 607. Taken as a whole, the newspaper article is a substantially accurate report of the allegations in the arrest warrant. We therefore affirm the trial court's grant of summary judgment in favor of defendant.

Affirmed.

Judges THOMAS and JOHN concur.