**Kelly TRUNDLE**

v.

**HOMESIDE LENDING, INC., et al.**

**CIV.A. No. DKC 2000–2253.**

United States District Court,
D. Maryland.

Aug. 30, 2001.

---

Christopher M. Johns, Law Office, Laurel, MD, for plaintiff.

Daniel Joseph Tobin, Kirkpatrick Lockhart, Washington, DC, for Homeside Lending, Inc.

Timothy F. McCormack, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, Baltimore, MD, for Trans Union, LLC.

Sandy D. Barron, Shulman, Rogers, Gandal, Pordy & Ecker, Rockville, MD, for Experian Service Corp. and Experian Information Solutions, Inc.

Nathan Daniel Adler, Neuberger Quinn Gielen Rubin and Gibber, PA, Baltimore, MD, for Equifax, Inc. and Equifax Credit Information Services, Inc.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution are the following motions: (1) Plaintiff's Motion for leave to file Amended Complaint; (2) A Motion by Defendant Homeside Lending, Inc. for Summary Judgment; (3) Plaintiff's Motion for leave to file surreply; and (4) Plaintiff's Motion for leave to file response to supplemental declaration. The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.

**Background**

Plaintiff originally filed suit in the Circuit Court for Prince George's County in August 1999. Homeside Lending, Inc. removed the case to this court on July 24, 2000, after Plaintiff amended her complaint a fourth time and added a federal claim. In the Fourth Amended Complaint, Plaintiff alleged that, in March, 1998, while in the process of purchasing a car, she learned that an adverse credit report contained comments "to the effect" that she had filed for bankruptcy, based on information from Bank One Mortgage Corporation, which was alleged to be a predecessor in interest to Homeside Lending, Inc. She was required to pay a higher interest rate as a result. Eventually, a correction was made. Later, in November 1998, the complaint alleged that Homeside had "redefamed" her "by falsely indicating, through her credit report, that she had been involved in, or had filed bankruptcy." Pl.'s Fourth Am. Compl. at 3. Despite agreements to correct the report, Homeside, by March 1999, was still maintaining the allegedly false report. The other defendants were alleged to have published false reports concerning the bankruptcy. That complaint contained claims for defamation, invasion of privacy, and violation of the Fair Credit Reporting Act.

After some of the claims were dismissed, and the parties conducted discovery, Plaintiff resolved her claims against some of the defendants and moved for leave to amend to delete the claims against them. The remaining defendant, Homeside Lending, has moved for summary judgment as to the two remaining claims against it, one for defamation and the other for the intrusion upon seclusion type of invasion of privacy.

**Leave to Amend**

Plaintiff requests leave to file a Fifth Amended Complaint, which has the effect of dismissing the claims against all defendants except Homeside Lending, Inc., as to which the same two claims remain. The same result could be reached merely by dismissing the claims against the other defendants. Homeside questions the timeliness of the motion, but does not substantively object. Accordingly, the motion will be granted and the claims against all other defendants will be dismissed.

**Summary Judgment Standard**

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir.1985). A party who bears the

burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. In *Celotex Corp.*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.*, 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd*, 388 F.2d 987 (4th Cir.1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely col-

orable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

## Analysis

Plaintiff asserts two claims against Homeside: defamation and invasion of privacy arising out of the alleged false indication that she had been involved in or had filed bankruptcy. Homeside's motion contends that it is a large national mortgage company and serviced the mortgage loan that Plaintiff and her husband had on their home. Plaintiff's husband, Gerald Trundle, filed a bankruptcy petition, identifying the mortgage as one of his obligations. Thus, it contends that stating that the mortgage was "included in" a bankruptcy was truthful. It also contends that the Fair Credit Reporting Act bars the state common law claims, a portion of which are barred by the statute of limitations. Def.'s Mem. Supp. Summ. J. at 1,2.

■ Plaintiff's opposition takes issue with the sufficiency of the exhibits attached to Defendant's motion, but does not undertake to support her claims at all.[1] As stated above, a party that will have the burden of proof at trial must resist a summary judgment motion with evidence. Regardless of whether Defendant's exhibits are or were properly supported, Plaintiff still was responsible for submitting her own evidence. She did not do so in her opposition. As to those aspects of the claims that Defendant challenged her to support, if the record fails to reflect evidence that would support her claims, then summary judgment is to be granted.

---

1. Plaintiff's motion to file a surreply or to strike will be granted, although it does not change the result. Her motion for leave to file response to Defendant's supplemental declaration will be denied. The time for pro-

viding evidence was in her initial opposition and she puts forth no reason that the material now sought to be added was unavailable at that time. (In any event, the material attached does not contradict any material fact.)

As stated in *Shapiro v. Massengill*, 105 Md.App. 743, 772, 661 A.2d 202, 216–217 (1995):

> In a case involving a plaintiff who is not a public figure, a prima facie case of defamation requires proof of the following elements: (1) that the defendant made a defamatory communication—i.e., that he communicated a statement tending to expose the plaintiff to public scorn, hatred, contempt, or ridicule to a third person who reasonably recognized the statement as being defamatory; (2) that the statement was false; (3) that the defendant was at fault in communicating the statement; and (4) that the plaintiff suffered harm. *Kairys v. Douglas Stereo Inc.*, 83 Md.App. 667, 678, 577 A.2d 386 (1990) (citing *Hearst Corp. v. Hughes*, 297 Md. 112, 466 A.2d 486 (1983) and *Gooch v. Md. Mechanical Systems, Inc.*, 81 Md.App. 376, 567 A.2d 954, cert. denied, 319 Md. 484, 573 A.2d 807 (1990)).

Two of those elements are at issue. While not conceding elements (3) and (4), Homeside specifically challenges the evidence as to the defamatory nature and the falsity of the communications made.

■ The burden of proof is on Plaintiff to demonstrate that the allegedly defamatory statement was false. *See Batson v. Shiflett*, 325 Md. 684, 726, 602 A.2d 1191, 1212 (1992). "A false statement is one that is not substantially correct." *Id.*, citing *Piracci v. Hearst Corp.*, 263 F.Supp. 511, 513 (D.Md.1966), *aff'd* 371 F.2d 1016 (4th Cir.1967). Therefore, unless Plaintiff put forth evidence that the statement in the credit report was not substantially correct, there is no need to assess whether the statement could be considered defamatory.

■ Plaintiff did not specify the form in which the allegedly defamatory communication took place in her complaint. Defendant's exhibit one states that electronic data was transmitted indicating that the mortgage loan was included in a bankruptcy.[2] Homeside has also provided evidence supporting the literal truth of that statement. The mortgage loan was a joint obligation of Plaintiff and her husband. Def.'s Mem. Supp. Summ. J. at 4. Her husband filed for bankruptcy and the loan was included in that filing. Def.'s Mem. Supp. Summ. J. at 4, Seiler Decl., Ex. 2, 4; *see also* Trundle Dep., Ex. 3, at 122–25. The communication from Homeside did not identify a debtor; but only the loan. Thus, Plaintiff has not demonstrated that the communication was false. Accordingly, because only a false communication can be defamatory as a matter of law, it is not necessary to address Defendant's alternative argument as to the defamatory nature of the communication.

■ Maryland also recognizes a similar, but distinct tort of invasion of privacy. As stated in *Allen v. Bethlehem Steel Corp.*, 76 Md.App. 642, 647–48, 547 A.2d 1105, 1108 (1988):

> Maryland currently recognizes four forms of invasion of privacy: 1. an unreasonable intrusion upon the seclusion of another; 2. an appropriation of the other's name or likeness; 3. unreasonable publicity given to the other's private life; and 4. publicity which unreasonably places the other in a false light before the public. *Klipa v. Bd. of Educ. of Anne Arundel Co.*, 54 Md.App. 644, 652, 460 A.2d 601 (1983); *Household Fin. Corp. v. Bridge*, 252 Md. 531, 537, 250 A.2d 878 (1969).

Plaintiff asserts the first type of invasion of privacy, intrusion upon seclusion, inas-

---

**2.** Plaintiff attaches the computer print out in her supplementary response.

much as the title to count II so recites. *See* Pl.'s Fourth Am. Compl. at 7. Unlike defamation, the intrusion on seclusion tort deals with the manner in which Defendant obtained the information rather than the truth or falsehood of the information itself. The elements of this tort are an intentional intrusion upon another person's solitude, seclusion, private affairs or concerns in a manner which would be highly offensive to a reasonable person. *See Bailer v. Erie Ins. Exchange*, 344 Md. 515, 526, 687 A.2d 1375, 1380–81 (1997), *quoting* Restatement (Second) of Torts § 652B. In addition, plaintiff must have a reasonable expectation of privacy in the source of the information. *See Marrs v. Marriott Corp.*, 830 F.Supp. 274, 283 (D.Md.1992).

■ The Maryland Court of Special Appeals stated that "the gist of the offense is the intrusion into a private place or the invasion of a private seclusion that the plaintiff has thrown about his person or affairs." *Pemberton v. Bethlehem Steel Corp.*, 66 Md.App. 133, 163, 502 A.2d 1101, 1116 (1986), *citing* Restatement (Second) of Torts 2d, § 652B, Comment c. In *Pemberton*, the court held that the circulation of Appellant's criminal records did not violate intrusion upon seclusion because they were not private facts that were made public. *Id* at 166, 502 A.2d 1101. Therefore, even though Plaintiff has not provided evidence that the information disseminated was false, she could still support a claim that the information about the bankruptcy came from a private source in which Plaintiff had a reasonable expectation of privacy. However, Plaintiff has put forth no evidence that any information about the mortgage loan came from a private source. Like the Appellant's criminal record in *Pemberton*, Plaintiff had no expectation of privacy in a report that an asset of hers was involved in a bankruptcy. Thus, her claim for invasion of privacy fails as a matter of law.

Accordingly, the motion of Homeside Lending, Inc. for summary judgment will be granted by separate order.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of August, 2001, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for leave to file fifth amended complaint BE, and the same hereby IS, GRANTED;

2. Plaintiff's claims against Trans Union LLC, Experian Service Corp., Experian Information Solutions, Equifax, Inc., and Equifax Credit Information Services, Inc., BE, and the same hereby ARE, DISMISSED;

3. Plaintiff's motion for leave to file surreply BE, and the same hereby IS, GRANTED;

4. Plaintiff's motion for leave to file a response to the supplemental declaration BE, and the same hereby IS, DENIED;

5. The motion filed by Homeside Lending, Inc. for summary judgment BE, and the same hereby IS, GRANTED; and

6. Judgment BE, and the same hereby IS, ENTERED in favor of Homeside Lending, Inc. and against Kelly Trundle on all claims; and

7. The clerk is directed to transmit copies of the Memorandum Opinion and this Order to counsel for the parties and CLOSE this case.