Gregory L. PORTER, Appellant,

v.

GUAM PUBLICATIONS, INC., et al., Appellees.[1]

No. 72-1514.

United States Court of Appeals, Ninth Circuit.

March 15, 1973.

Douglas F. Cushnie (argued), of Arriola, Bohn, Cushnie & Stevens, Agana, Guam, for appellant.

[1] The names of two others, originally designated as appellees, have, by this court's Order of November 14, 1972, been removed from the caption.

Thomas J. Nolan (argued), Walter S. Ferenz, of Barrett, Ferenz, Bramhall & Klemm, Agana, Guam, for appellees.

Before CHAMBERS, ELY and WALLACE, Circuit Judges.

ELY, Circuit Judge:

This libel action arises out of a newspaper article published by appellees describing appellant's arrest for the theft of a cash box. In factual contrast, the warrantless arrest stemmed from an unsworn and assertedly false complaint that appellant had stolen an automobile. The District Court concluded that the publication was privileged and granted appellees' motion for summary judgment.

To overcome the traditional defense of newspaper privilege, appellant cites Guam Civil Code § 47, which provides in relevant part:

"A privileged communication is one made . . . [b]y a fair and true report, without malice, in a public journal, of . . . a verified charge or complaint made by any person to a public official, upon which complaint a warrant shall have been issued."

Appellant argues under this statutory authority that the publication was not privileged because (1) the report was unfair and untrue, (2) the complaint leading to his arrest was not verified, (3) a warrant had not been issued, and (4) the newspaper had been motivated by malice.

■■ It is axiomatic that although a statute may bestow a privilege not otherwise available, a statute cannot constrict a privilege that is constitutionally conferred. Since Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971), St. Amant v.

Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968), and New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) demonstrate that the newspaper account in this case was constitutionally privileged, we reject appellant's argument that the Guam statute delimits the entire scope of privileged publications of police arrests.

■■ *Rosenbloom, St. Amant* and *Sullivan* establish that in the absence of reckless or calculated falsehood, damages are not available for a newspaper's defamatory publication of an individual's involvement in events of public or general interest. Appellant's arrest was an event touching the community's "vital interest in the proper enforcement of its criminal laws." *See Rosenbloom, supra* at 43, 91 S.Ct. at 1819. The constitutional protection afforded the report of such an event must necessarily, although perhaps unfortunately, extend to "some erroneous publications as well as true ones." *St. Amant, supra* at 732, 88 S.Ct. at 1326. That the arrest was warrantless and predicated upon an unverified complaint is irrelevant to the compass of this privilege.

■ Damages would be available against the appellees only if the falsity of the news report were attributable to reckless or calculated conduct. As manifest in St. Amant v. Thompson, *supra* at 731, 88 S.Ct. at 1325, this standard of malice would be satisfied only if the publisher "in fact entertained serious doubts as to the truth of his publication." There is nothing in the appellant's allegations that raises, with adequate factual specificity, a genuine, triable issue in this respect.

Accordingly, the judgment of the District Court is

Affirmed.