**Gregory L. PORTER, Plaintiff-Appellee,**

v.

**GUAM PUBLICATIONS, INC.,
Defendant-Appellant.**

**No. 79-4242.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1981.

Decided April 23, 1981.

Rehearing and Rehearing En Banc
Denied June 17, 1981.

Matthew C. Gruskin, Ferenz, Bramhall, Williams & Gruskin, P.C., Agana, Guam, for defendant-appellant.

Douglas F. Cushnie, Cushnie & Fitzgerald, Agana, Guam, for plaintiff-appellee.

Before CHAMBERS, ELY and WALLACE, Circuit Judges.

ELY, Circuit Judge:

This action is an appeal from a judgment of the District Court of Guam, entered on March 30, 1979, following a jury verdict holding defendant-appellant Guam Publications, Inc. ("defendant") liable to plaintiff-appellee Gregory Porter ("Porter") for libel, in the amount of $25,000. The case has previously been before this court. In an identically styled decision reported at 475 F.2d 744 (9th Cir. 1973), we affirmed the District Court's order granting summary judgment for defendant, on the basis of the constitutional libel privileges then existing which largely immunized from libel newspapers' reporting of public events: [1]

> Damages would be available against the [defendant] only if the falsity of the news report were attributable to reckless or calculated conduct.... [T]his standard of malice would be satisfied only if the publisher "in fact entertained serious doubts as to the truth of his publication." There is nothing in Porter's allegations that raises, with adequate factual specificity, a genuine, triable issue in this respect.

475 F.2d at 745.

This judgment was subsequently vacated by the United States Supreme Court and remanded "for further consideration in light of *Gertz v. Robert Welch, Inc.,* [418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974)]." 418 U.S. 908, 94 S.Ct. 3200, 41 L.Ed.2d 1155 (1974).[2] In a per curiam order reported at 503 F.2d 561 (9th Cir. 1974), we stated that

> the District Court should be allowed the first opportunity for the further consider-

ation required by the Supreme Court. Accordingly, the case is remanded to the District Court. It should vacate the judgment and make a determination in accordance with its appraisal of *Gertz v. Robert Welch, Inc., supra.*

Porter's libel claim, successfully prosecuted after our remand to the District Court, arises from a news item in the "Police Blotter" section of the February 28, 1971 edition of the Pacific Daily News (published by defendant). The "Police Blotter" story accurately reported the contents of a "daily police bulletin" (a compilation of criminal complaint and arrest reports), which stated that on February 27, 1971 Porter had been arrested and booked for stealing a car and some cash. The police bulletin, itself accurate, was based on false charges by the complainant. Porter had had a dispute with his employer, Felix Pangelinan, who made accusations of theft to the police, resulting in Porter being arrested and taken from his home to the police station. Upon arrival at the police station, Porter was charged with theft, photographed, fingerprinted, booked, questioned, and ultimately released. No sworn complaint was filed against him and no arrest warrant was issued.

Because Porter is not a public figure or public official, *see Wolston v. Reader's Digest Ass'n, Inc.,* 443 U.S. 157, 164–69, 99 S.Ct. 2701, 2706–09, 61 L.Ed.2d 450 (1979); *Time, Inc. v. Firestone,* 424 U.S. 448, 457, 96 S.Ct. 958, 966, 47 L.Ed.2d 154 (1976), the only constitutional constraint on the applicable Guam libel/defamation law[3] is that

---

1. Prior to *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), a constitutional privilege extended, absent reckless or calculated falsehood, to a newspaper's defamatory publication of an individual's involvement in events of public or general interest. *See Rosenbloom v. Metromedia, Inc.,* 403 U.S. 29, 43–44, 91 S.Ct. 1811, 1819–20, 29 L.Ed.2d 296 (1971) (Brennan, J., plurality opinion); *St. Amant v. Thompson,* 390 U.S. 727, 731, 88 S.Ct. 1323, 1325, 20 L.Ed.2d 262 (1968); *New York Times v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964). In *Gertz,* the Court limited the constitutional privilege to apply only to "public offi-

cials and public figures." 418 U.S. at 343–52, 94 S.Ct. at 3008–13.

2. Mr. Justice White would have affirmed this court's judgment on the ground that the publication was privileged under the laws of Guam. 418 U.S. 908, 908, 94 S.Ct. 3200, 3200, 41 L.Ed.2d 1155 (1974).

3. Guam Civil Code § 45 provides as follows:
   "Libel" is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be

liability cannot be imposed without fault. *Gertz*, 418 U.S. at 347, 94 S.Ct. at 3010. *See generally* Robertson, *Defamation and the First Amendment: In Praise of Gertz v. Robert Welch, Inc.*, 54 Texas L.Rev. 199, 213–15, 220–29, 235–45 (1976). On appeal, defendant challenges the District Court's interpretation of statutory privilege, the sufficiency of the evidence, the adequacy of the jury instructions, and the determination of damages. Because Porter has not stated a cause of action under Guam law, we reverse the District Court and need not address the parties' other arguments.

The Guam libel statute requires the allegedly defamatory publication to be "unprivileged."[4] Defendant contended throughout the proceedings on remand (as it did in the first round of this case), in its answer, motion for summary judgment, and during trial,[5] that the publication was privileged under Guam Civil Code § 47.[6] Apparently reasoning that (1) the issue of statutory privilege involved a disputed issue of material fact requiring jury determination or (2) the relevant privilege under § 47 was

§ 47.4(5) rather than § 47.4(3) or (4), the District Court denied defendant's motion for summary judgment and ordered the trial of the case. *See* Memorandum Order dated June 1, 1977, at 2, 3–4, 7; Pretrial Order dated February 26, 1979, at 2–3, 5.

■ Because we conclude as a matter of law that the "Police Blotter" news item in the February 28, 1971 edition of the Pacific Daily News was statutorily privileged under Guam law as a "fair and true report, without malice, in a public journal" of a "judicial" or "other public official proceeding" or "of anything said in the course thereof," the District Court erred in denying defendant's motion for summary judgment. Due to the identity between the Guam and California statutes and the lack of any applicable Guam precedents, California cases are compelling authority for this interpretation. *Tabor v. Ulloa*, 323 F.2d 823, 824 n.5 (9th Cir. 1963). *See Tiedemann v. Superior Court*, 83 Cal.App.3d 918, 924–27, 148 Cal.Rptr. 242, 246–48 (1978) (communications to the IRS, designed to initiate appropriate investigative and enforcement

shunned or avoided, or which has a tendency to injure him in his occupation.

Guam Civil Code § 43 provides that "[e]very person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."

4. *See* note 3 *supra.*

5. The District Court refused to submit to the jury defendant's Proposed Instruction No. 5 on the statutory privilege issue.

6. Guam Civil Code § 47 provides in its entirety as follows:

A privileged publication is one made:

1. In the proper discharge of an official duty.

2. In any (1) legislative or (2) judicial proceedings, or (3) in any other official proceeding authorized by law: Provided, that an allegation or averment contained in any pleading or affidavit filed in an action for divorce or an action prosecuted under § 137 of this Code made of or concerning a person by or against whom no affirmative relief is prayed in such action, shall not be a privileged publication as to the person making such allegation or averment within the meaning of this section unless such pleading be verified or affidavit sworn to, and be made without mal-

ice, by one having reasonable and probable cause for believing the truth of such allegation or averment and unless such allegation or averment be material and relevant to the issues in such action.

3. In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or (3) by one who is requested by the person interested to give the information.

4. By a fair and true report, without malice, in a public journal, of (1) judicial, (2) legislative, or (3) other public official proceeding, or (4) of anything said in the course thereof, or (5) of a verified charge or complaint made by any person to a public official, upon which complaint a warrant shall have been issued.

5. By a fair and true report, without malice, (1) of the proceedings of a public meeting, if such meeting was lawfully convened for a lawful purpose and open to the public, or (2) the publication of the matter complained of was for the public benefit.

The Guam privilege statute was patterned after, and is identical to, the California privilege statute. *See* California Civil Code § 47 (prior to 1979 amendments).

proceedings, must be considered a part of an official proceeding authorized by law and, hence, privileged under § 47.2(3)); *Imig v. Ferrar*, 70 Cal.App.3d 48, 54–57, 138 Cal.Rptr. 540, 542–44 (1977) (formal charge or complaint to police department alleging officer misconduct is part of an "official proceeding" and, hence, privileged under § 47.2(3)); *Hayward v. Watsonville Register-Pajaronian and Sun*, 265 Cal.App.2d 255, 71 Cal.Rptr. 295 (1968) (a newspaper article that reports, with substantial accuracy, police arrest records, crime reports, or criminal complaints, is privileged under § 47.4 as a fair and true report of a judicial proceeding); *Glen v. Gibson*, 75 Cal.App.2d 649, 171 P.2d 118 (1946). *Accord, Schuster v. U. S. News & World Report, Inc.*, 602 F.2d 850, 854 (8th Cir. 1979) (contents of indictments are privileged); *Mathis v. Philadelphia Newspapers, Inc.*, 455 F.Supp. 406, 415–19 (E.D.Pa.1978) (accurate reporting of police arrest records is privileged); *Fite v. Retail Credit Corp.*, 386 F.Supp. 1045, 1046 (D.Mont.1975), aff'd, 537 F.2d 384 (9th Cir. 1976) (same); *Piracci v. Hearst Corp.*, 263 F.Supp. 511, 513–16 (D.Md.1966), aff'd, 371 F.2d 1016 (4th Cir. 1967) (same); Restatement (Second) of Torts § 611, Comment d (1977) (same). *See Medico v. Time, Inc.*, 643 F.2d 134, at 138 (3d Cir. 1981).

Porter simply does not have a legally cognizable libel claim under Guam Civil Code § 45. Porter having presented no triable issue of fact, and defendant having been entitled to a judgment as a matter of law, defendant's motion for summary judgment should have been granted on the basis of statutory privilege under Guam Civil Code § 47.4. Accordingly, we reverse the judgment of the District Court and remand with instructions that the action be dismissed.

REVERSED, with directions.