Arno L. LAMI, Plaintiff-Appellant,

v.

The PULITZER PUBLISHING COMPA-
NY, Defendant-Respondent.

No. 51123.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 2, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 6, 1987.

Application to Transfer Denied
Feb. 17, 1987.

James A. Stemmler, St. Louis, for plain-
tiff-appellant.

Joseph E. Martineau, St. Louis, for de-
fendant-respondent.

CRANDALL, Judge.

Plaintiff, Arno L. Lami, appeals summa-
ry judgment in favor of defendant, The
Pulitzer Publishing Company, on a libel
case. We affirm.

Plaintiff was charged with driving while
intoxicated. The charge was amended to
careless and imprudent driving, of which
plaintiff was convicted in the Municipal
Court of the City of Brentwood, Missouri.
The clerk of that court, however, reported
to the Missouri Department of Revenue
(Department) that plaintiff had been con-
victed of driving while intoxicated. Ac-
cordingly, the Department suspended plain-
tiff's driver's license. The license suspen-
sion, albeit erroneous, was reported on a
computer printout compiled by the Depart-
ment.

Defendant's employee, Linda Sommers,
received a copy of the printout. The fol-
lowing article was subsequently published
in defendant's newspaper, the St. Louis
Post Dispatch:

*License Actions*

St. Louis Area

The Missouri Revenue Department
made public Tuesday the following list of
driver's license suspensions and revoca-
tions for alcohol-related offenses:

Thirty-day suspensions for driving
while intoxicated:

\*    \*    \*    \*    \*    \*

Arno Lester Lami, 1107 Thousand Oaks Drive, 63136.

Later, the Department rescinded the report of the suspension of plaintiff's license and defendant printed a correction.

Plaintiff instituted the present action against defendant, alleging that defendant had published false information about him and that, as a result, he was injured. Defendant moved for summary judgment on the basis of the common law privilege accorded to the press by reason of having taken the information from an official record. In support of its motion, defendant submitted a copy of the department printout as well as the deposition and affidavit of its employee, Linda Sommers. She stated that her duties as a secretary for the Jefferson City Bureau of the St. Louis Post Dispatch included preparing the "License Actions" column of the newspaper based upon computer printouts which were released daily by the Department. She further stated that, at the time she prepared the column, she believed the information reported therein to be true and accurate.

Plaintiff filed an counter-affidavit. He denied the conviction of driving while intoxicated, the suspension of his license, and the existence of an official record containing that information.

In his first point, plaintiff asserts that defendant did not show by unassailable proof that the newspaper article was based upon official records so as to give rise to the privilege. He questions whether the printout was an "official record." He asserts that, in order to qualify as an official record for the purposes of a summary judgment proceeding, it was necessary to have a state official establish that the computer printout was indeed an official public record.

Missouri has adopted the rule that publication of an allegedly defamatory statement is privileged under Restatement (Second) of Torts § 611 (1976):

The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a mat-

ter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported.

In the present case, therefore, if the Department computer printout was an "official record," the privilege would fail only if the newspaper article was not a fair and accurate account of that report. *See Williams v. Pulitzer Broadcasting Co.,* 706 S.W.2d 508, 510–11 (Mo.App.1986); *see also* Restatement (Second) of Torts § 611 comment f. The question of whether the circumstances give rise to a privilege is one of law for the court. *Id.* at 511.

The existence of a qualified privilege for a newspaper to publish information contained in public records has been found in a variety of contexts. In *Steer v. Lexleon, Inc.,* 58 Md.App. 199, 472 A.2d 1021 (1984), a reporter prepared the "Police Blotter" section of its newspaper based upon a weekly press release prepared by the police department. The "Police Blotter" reiterated the press release verbatim when it reported that a Richard Steer had been arrested for forgery. In fact, Steer had been the victim of the forgery. The press release had listed the wrong name in reporting the arrest. The court found that the newspaper enjoyed a qualified privilege to report the event as long as the newspaper's report was a substantially accurate statement of the facts contained in the police press release, if not an accurate account of the ultimate factual incident referred to in that press release. *Id.* 472 A.2d at 1025–26; *see also Porter v. Guam Publications, Inc.,* 643 F.2d 615 (9th Cir. 1981).

In *Mathis v. Philadelphia Newspapers, Inc.,* 455 F.Supp. 406 (E.D.Pa.1978), the police department furnished to television stations and to newspapers information and a photograph of one John Mathis, indicating that he had been arrested for kidnapping and attempted bank robbery. Mathis did have the same name as the person arrested, but was not the individual involved in the crime. In ruling that the media was entitled to rely upon information furnished by police departments and, there-

fore, enjoyed a qualified privilege, the court stated:

> The section 611 privilege is limited, however, to "accurate" reports of an official action or proceeding, and I must therefore consider whether defendants published "accurate" reports within the meaning of section 611. In addressing that question, the complained-of-publications must be compared, not with the events that actually transpired, but with the governmental reports that defendants republished.

*Id.* at 455 (citations omitted).

In *Medico v. Time, Inc.* 643 F.2d 134 (3rd Cir.1981), the court extended the privilege to Time's publishing a magazine article which summarized secret FBI reports whose release to Time had not been authorized. The article had reported that a Russell Bufalino had characterized Philip Medico as a "Mafia *capo.*" The court found that summaries of non-public government reports fell within the Section 611 privilege because "the FBI documents concerning Medico were compiled by government agents acting in their official capacities." *Id.* at 140.

In the present case, defendant submitted the deposition testimony and the affidavit of Linda Sommers. Sommers stated that she obtained the computer printout from the Department, as was customary for her to do each day. Defendant also submitted a copy of the computer printout, bearing the following caption at the top:

### MISSOURI DEPARTMENT OF REVENUE

### DRIVERS LICENSE BUREAU

### SUSPENSIONS DUE TO POINTS

Sommers said that, in writing the article, she used the exact information furnished on the printout. In fact, the article specifically said that the list of suspensions was "made public" by the Department. In essence, the article was a report of the official actions taken by the Department and not a report of plaintiff's actions *per se. Compare Williams*, 706 S.W.2d at 511.

Nothing in the record suggests that defendant's article unfairly or inaccurately reported the information contained on the computer printout.

Plaintiff also questions the sufficiency of the affidavit filed by defendant in support of its motion for summary judgment. In *Biermann v. Pulitzer Publishing Co.*, 627 S.W.2d 87 (Mo.App.1981), the court held that summary judgment was proper based upon the attached exhibits and the affidavit of the reporter who prepared the story. The reporter identified the records upon which the story was based and how he had obtained them. There was no affidavit by the custodian of the records.

■ Here, Sommers had personal knowledge of the information in her affidavit. She detailed how the computer printout was obtained and from whom. She also stated that the list formed the basis for the publication. Sommer's affidavit, in conjunction with the attached exhibits, was sufficient to support defendant's motion for summary judgment. There was no triable issue of fact as to whether defendant unfairly or inaccurately reported the information contained on the computer printout. Plaintiff's first point is denied.

In his second point, plaintiff asserts that, even if defendant enjoyed a privilege, defendant acted outside its qualified privilege when it published the article with knowledge of the falsity or reckless disregard of the truth.

■ Proof of falsity is not proof of malice. *Williams*, 706 S.W.2d at 512. Further, malice is not shown by either the defamatory nature of the charges or the failure to investigate alone. *Id.*

■ In the present case, the privilege which defendant enjoyed was to report the information from the computer printout compiled by the Department. As noted above, defendant's obligation was to publish a fair and accurate account of the record. There was no concomitant duty to investigate the truth or the falsity of the information contained in the record. Som-

mers swore that she had no actual knowledge of the falsity of the information contained on the printout. The record is also devoid of any evidence which suggests that defendant or Sommers had any doubt as to the truth of the material published in the article in question. There was no triable issue as to whether defendant's privilege was defeated by its acting with malice in publishing the article. Plaintiff's second point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.