**Diane E. HOEFLICKER, Appellant,**

v.

**HIGGINSVILLE ADVANCE, INC., et al., Respondents.**

**No. WD 44358.**

Missouri Court of Appeals, Western District.

Sept. 3, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 29, 1991.

Application to Transfer Denied Dec. 17, 1991.

John B. Neher, Higginsville, for appellant.

Weldon W. Perry, Jr., Lexington, for respondents.

Before TURNAGE, P.J., and KENNEDY and BRECKENRIDGE, JJ.

TURNAGE, Presiding Judge.

Diane Hoeflicker filed suit against the Higginsville *Advance* and two other newspapers for defamation.[1] The court dismissed the suit on the motion of the *Advance*.[2]

On this appeal Hoeflicker contends the article was not a fair and accurate report of the law suit and the *Advance* is not protected by privilege. Reversed and remanded.

There is no dispute as to the facts. In March, 1990, the *Advance* ran a story concerning a wrongful death action filed by the Schowengerdt family for the death of their mother. The mother was a resident of the Meyer Care Center in Higginsville. The article stated the suit named as defendants "George J. and Hilda Meyer Foundation, Inc., d/b/a John Knox Village East and Meyer Care Center and Diane Hoe-

---

1. The suit against the newspapers other than the Higginsville *Advance* were dismissed by Hoeflicker.

2. The court considered matters outside of the pleadings and under Rule 55.27(a) the motion to dismiss should have been treated as a motion for summary judgment.

flicker, an employee of Meyer Care Center." The article stated that the Care Center was to blame for the mother's death because the defendants allowed Schowengerdt to fall resulting in serious injuries which ultimately resulted in her death. The article states that the suit lists 45 acts of carelessness and negligence on the part of the defendants.

The Schowengerdt law suit was filed in the office of the clerk of the circuit court in Lafayette County. The petition listed the names of the plaintiffs and defendants. Hoeflicker was not named as a defendant but was listed under each defendant and under the word "Serve."

By affidavits it appeared that the circuit clerk maintained a file docket book in which was listed the style of cases as they were filed. The Schowengerdt suit was listed in the file docket book by caption only. The names of the plaintiffs were listed and the defendants were listed as George J. and Hilda Meyer Foundation d/b/a John Knox Village East and Meyer Care Center and Diane Hoeflicker and John Knox Village East and Meyer Care Center. The file docket book contained only the names of the parties to each suit filed.

The editor of the *Advance* wrote the story concerning the Schowengerdt suit. She stated that she referred to the file docket book for the names of the parties but referred to the petition in the court's file for the allegations of negligence and other facts concerning this suit. The *Advance* filed a motion to dismiss based on its contention that it had a privilege to publish information taken from an official record. Hoeflicker contended the article was not an accurate report of the law suit.

In *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347, 94 S.Ct. 2997, 3010, 41 L.Ed.2d 789 (1974), the Court held that so long as the states do not impose liability without fault, each state may define the appropriate standard of liability for a publisher of defamatory falsehood injurious to a private individual. In *Spradlin's Market, Inc. v. Springfield Newspapers*, 398 S.W.2d 859, 864[3–5] (Mo.1966), the court quoted *Newell, Slander and Libel*, § 450, "[e]very im-

partial and accurate report of any proceeding in a public law court is privileged."

In *Shafer v. Lamar Pub. Co., Inc.*, 621 S.W.2d 709, 711[3] (Mo.App.1981), this court adopted Section 611, Restatement (Second) of Torts which provides:

> The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported.

■ Thus, the requirement in Missouri for the privilege to exist is that the report be accurate and complete.

Comment (e) to Section 611 states that the contents of preliminary pleadings such as a petition, before any judicial action has been taken, is not within the rule. In *Barber v. St. Louis Dispatch Co.* 3 Mo.App. 377 (1877), the court held there was no privilege for a newspaper to publish information taken from a petition filed with the clerk prior to the time any judicial action had been taken on the petition. In *Meriwether v. Publishers: George Knapp & Co.*, 211 Mo. 199, 109 S.W. 750 (1908), the court stated the rule followed in *Barber* but held the rule did not apply in that case because the trial court had held a hearing on a motion for a change of venue before the newspaper published any information taken from the petition. Thus, the statement in *Meriwether* is dictum. The Restatement states in Comment (e) that it is not necessary that a final disposition of the action be made but it is enough that some judicial action has been taken so that, in the normal progress of the proceeding, a final decision would be rendered.

The Restatement position that a privilege does not attach for publication concerning the contents of a petition prior to any judicial action thereon has come under increasing attack. ANNOTATION: LIBEL AND SLANDER: REPORTS OF PLEADINGS AS WITHIN PRIVILEGE FOR REPORTS OF JUDICIAL PROCEEDINGS, 20 ALR4th 577 (1983). New York was the first state to reject the common law view embodied in the Restatement in *Campbell*

*v. New York Evening Post,* 245 N.Y. 320, 157 N.E. 153 (1927). Since that time it may well be that a numerical majority of courts has rejected the Restatement view.

One of the cases which rejected the Restatement view is *Newell v. Field Enterprises, Inc.,* 91 Ill.App.3d 735, 47 Ill.Dec. 429, 415 N.E.2d 434 (1980). *Newell* contains a thorough discussion of the privilege for the publication of the contents of filings or pleadings prior to any judicial action. As stated in *Newell,* the reason for the common law and Restatement view is the potential for malicious defamation caused by the intentional filing of suits containing defamatory allegations followed by a prompt dismissal of the suit after it has obtained the desired wide spread publication by the media. *Newell* listed four reasons for the rejection of the restatement view. 47 Ill.Dec. at 439–41, 415 N.E.2d at 444–46. The first reason is the desirability of the press to report what has transpired inside the judicial system in the light of the increasing number of societal problems which are being resolved through the judicial process. The second is the fallacy of the notion that some judicial action, however slight, can separate suits which are completely groundless from those which may have some merit. The third reason is based on the perception that the public is capable of evaluating information, even when that information is taken from the filing of a petition which is a one-sided report of the matter in issue. The fourth reason is that the filing of a petition is a public and official act.

■ To the reasons given by *Newell* for rejecting the Restatement position, this court adds that a suit for malicious prosecution may be filed against those who file groundless suits. *Mullen v. Dayringer,* 705 S.W.2d 531 (Mo.App.1985). For the reasons discussed in *Newell* and for the additional reason that there is a remedy for the filing of groundless suits, this court rejects the Restatement and common law view that a qualified privilege does not exist to report the contents of a petition prior to any judicial action on the petition being taken. This court holds that a qualified privilege exists for the media to report on the filing of a petition prior to any judicial action being taken thereon, provided the report is accurate.

■ The finding that the *Advance* had a qualified privilege to report on the filing of the Schowengerdt petition does not end the consideration of this case. Whether the privilege exists in the circumstances proven is a question of law and is not to be submitted to the jury. *Williams v. Pulitzer Broadcasting Co.,* 706 S.W.2d 508, 511[2–4] (Mo.App.1986).

■ The Restatement and *Spradlin* require that the report be accurate for the privilege to exist. Comment (f) to the Restatement states "[i]t is not necessary that it be exact in every immaterial detail or that it conform to that precision demanded in technical or scientific reporting. It is enough that it conveys to the persons who read it a substantially correct account of the proceedings." The *Advance* contends that its editor relied on the file docket book for the names of the parties, and in particular the name of Hoeflicker as a defendant. It is contended the story was accurate when it listed Hoeflicker as a defendant. The *Advance* relies on *Lami v. Pulitzer Pub. Co.,* 723 S.W.2d 458 (Mo.App.1986), as authority for this position. In *Lami,* the newspaper simply printed verbatim a report made public by the Department of Revenue listing driver's license suspensions and revocations. Had the *Advance* simply listed the style of the Schowengerdt suit as contained in the file docket book, it would find substantial comfort and support in *Lami.* However, the article published in the *Advance* went beyond the information contained in the file docket book and purported to report on the allegations of the petition. The article stated that Hoeflicker was a defendant and proceeded to summarize allegations of negligence against the defendants. In reporting on the content of the petition, the *Advance* was obligated to print a substantially correct report of the petition.

The story which stated that Hoeflicker was a defendant was a totally inaccurate report of the petition. Under *Spradlin* and Section 611 the qualified privilege attaches only if the report is accurate. Be-

cause the report was not accurate when it listed Hoeflicker as a defendant, the *Advance* does not have the defense of privilege available.

While the trial court gave no reason for its dismissal of the suit, the only defense urged is privilege. As demonstrated above the *Advance* was entitled to report on the filing of the petition and was entitled to the defense of privilege if it printed an accurate report of the petition. Finding the report not to be accurate, the defense of privilege fails and the court erred in ordering the suit dismissed.

The judgment is reversed and this cause is remanded for further proceedings.[3]

All concur.

---

**3.** The petition seeks punitive damages. This aspect of the case has not been briefed or argued but the attention of the parties and the court is directed to *Williams* at 706 S.W.2d 512 and *Carter v. Willert Home Products, Inc.,* 714 S.W.2d 506, 512 (Mo. banc 1986), when the issue of punitive damages is presented.