Lester DUGGAN Jr., Appellant,

v.

PULITZER PUBLISHING CO., Andre
Jackson, et al., Respondents.

No. 66434.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 31, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 4, 1996.

Application to Transfer Denied
Feb. 20, 1996.

Lester Duggan Jr., St. Charles, for Appellant.

Robert B. Hoemeke, St. Louis, for Respondent.

WHITE, Judge.

Plaintiff, Lester Duggan Jr., brought a defamation action against defendants, Pulitzer Publishing Co. and three of its employees. The trial court sustained defendants' motion to dismiss and plaintiff appeals. We reverse and remand.

Plaintiff served as the trial judge in a case involving a defendant charged with second degree murder. Plaintiff sustained the defendant's motion for judgment of acquittal at the close of the State's case. Pulitzer Publishing Co., as owner of the St. Louis Post–Dispatch (Post–Dispatch), subsequently published an article and editorial which were attached to plaintiff's petition and are at issue in this case. The article appeared in the May 22, 1991 edition of the Post–Dispatch and was titled "Judge Abruptly Ends Man's Murder Trial" and subtitled "Acquittal Comes Before Defense Case Is Heard." The body of the article provided:

A year and three months ago, Limas McKissic took a shot in the face at close range.

And this week, St. Louis prosecutors got a slap in the face when a judge acquitted the man accused of murdering McKissic.

The judge—Lester W. Duggan Jr. of St. Charles County—says court rules bar him from explaining why he ended the trial of Jerome Littlejohn, 52, of the 400 block of North Kingshighway.

Duggan acted Monday, after the prosecution finished its case but before Littlejohn's defense was offered.

On Tuesday, Assistant Circuit Attorney Shirley Loepker said, "It looks as if we cannot appeal. This is it."

Circuit Attorney George Peach used strong words to criticize Duggan.

"When a judge is so arrogant that he won't even explain his decisions and attempt to give a legal reason for them," Peach said, "you just have to assume he's lost it—his temper, his cool, his demeanor."

**Peach said he would disqualify Duggan from hearing future criminal cases in the city.**

That's nothing new for Duggan, 69. At one point, prosecutors in St. Charles County barred Duggan from hearing criminal cases.

Voters in the circuit that includes St. Charles County ousted Duggan late last year from the court position he had held since 1985.

But the Missouri Supreme Court appointed Duggan as a senior judge, which lets him fill in for absent judges around the state. He was replacing a St. Louis judge on vacation for the trial of Littlejohn.

Littlejohn, 52, had been charged with second-degree murder in the killing. It happened in February 1990 in Littlejohn's apartment building, where McKissic lived.

Prosecutors contended Tuesday that even if Duggan had chosen to throw out the murder charge, he could have left the jury to consider a charge of involuntary manslaughter.

**Prosecution witnesses said McKissic had raised his hands and had been pleading for his life when the shot was fired from a .32–cal. revolver.**

But Littlejohn's lawyer, Roger Hibbits, called the shooting an accident. He said it happened as the two men tried to keep the revolver from falling to the floor.

(emphasis added).

The editorial titled "Justice Should Be Blind, Not Mute" appeared in the May 31, 1991 edition of the Post–Dispatch. The body of the article appeared as follows:

Judge Lester W. Duggan Jr. showed the height of judicial arrogance in St. Louis recently when he directed the acquittal of a murder suspect but refused to explain why. He says court rules keep him from giving reasons for his ruling, but he won't even explain what rule he is talking about, and judicial officials don't know either. He owes the public a complete explanation of what he has done, and why.

Judge Duggan used to sit on the circuit court that includes St. Charles County, and he was no stranger to controversy there. At one point, he was barred from hearing any criminal cases. Last year, he lost his bid for re-election after six years on the bench.

But that defeat did not end his judicial career. The Missouri Supreme Court named him a senior judge, to fill in for vacationing judges around the state and help ease the judicial workload. He was sitting in St. Louis Circuit Court when he abruptly ended the murder trial of Jerome Littlejohn. After the prosecution had finished its case, he directed that the defendant be acquitted—and refused to say why.

Judicial rules say a judge cannot comment on a case that may still be pending. But if Judge Duggan has ordered an acquittal, the Littlejohn case appears to be over. If the prosecutors don't know why the judge made his order, they have no way to know how to appeal the ruling—if they can appeal at all.

Circuit Attorney George Peach said that without an explanation from the judge, "you just have to assume he's lost it—his temper, his cool, his demeanor." Even from a prosecutor who has just lost a case, that attitude makes sense. The only way for Judge Duggan to end the confusion is to explain himself. He should do so, at the earliest opportunity.

Plaintiff filed a second amended petition on February 18, 1994 and defendants filed a motion to dismiss. Defendants claimed plaintiff's petition failed to state a cause of action for libel because: (1) the statements at issue are not as a matter of law false statements of fact which are libelous; (2) some of the statements constitute rhetorical hyperbole and are not false statements of fact capable of defamatory meaning; (3) the statements are not defamatory *per se* and plaintiff failed to properly plead special damages or any extrinsic facts which would render the statements defamatory; (4) the statements may reasonably be interpreted innocently when considered in context; and (5) the statements are privileged, being a fair report of judicial proceedings. The trial court, without stating a reason, sustained defendants' motion with prejudice. This appeal followed.

A motion to dismiss for failure to state a cause of action is solely a test of the adequacy of a plaintiff's petition. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 306 (Mo. banc 1993). It assumes all of plaintiff's

averments are true, and liberally grants to a plaintiff all reasonable inferences therefrom. *Id.* A petition will not be dismissed for failure to state a claim if it asserts any set of facts which, if proved, would entitle plaintiff to relief. *Sullivan v. Carlisle*, 851 S.W.2d 510, 512 (Mo. banc 1993).

■ In defamation cases, the old rules of *per se* and *per quod* do not apply and a plaintiff need only plead and prove the applicable, unified defamation elements set out in the Missouri Approved Jury Instructions. *Nazeri*, 860 S.W.2d at 313. Where a plaintiff in a libel action is a public official or public figure, MAI 23.06(2) is applicable. This instruction provides:

Your verdict must be for plaintiff if you believe:

First, defendant (describe act such as "published a newspaper article") containing the statement (here insert the statement claimed to be libelous such as "plaintiff was a convicted felon"), and

Second, such statement was false, and

Third, defendant (describe act of publication such as "published such statement", "wrote such letter", etc.) either: with knowledge that it was false, or

with reckless disregard for whether it was true or false at a time when defendant had serious doubt as to whether it was true, and

Fourth, such statement tended to [expose plaintiff to (select appropriate term or terms such as "hatred", "contempt" or "ridicule") ] [or] [deprive the plaintiff of the benefit of public confidence and social associations], and

Fifth, such statement was read by (here insert name of person or persons other than plaintiff or the appropriate generic term such as "the public"), and

Sixth, plaintiff's reputation was thereby damaged.

(footnotes omitted).

■ Plaintiff alleged several statements in the article and editorial were libelous. Review of plaintiff's petition reveals none of plaintiff's allegations regarding statements in the editorial are sufficient to state a cause of action for libel, given defendants' motion to dismiss and the content of the statements. However, plaintiff's allegations regarding two statements in the article are sufficient.[1] The first actionable statement in the article is where it was asserted "[a]t one point" St. Charles County prosecutors barred plaintiff from hearing criminal cases. Plaintiff alleged he "was not in fact barred from hearing criminal cases."[2] Plaintiff also alleged the other necessary elements for libel including an allegation defendants published the statements with knowledge they were false or with reckless disregard for the truth or falsity of the statements.

■ The alleged defamatory words must be considered in context and given their plain and ordinarily understood meaning. *Nazeri*, 860 S.W.2d at 311 (citations omitted). When considering this statement under these standards, it is a reasonable inference plaintiff had been barred from hearing criminal cases in St. Charles County because of some improper handling of prior criminal cases. A reader could assume if plaintiff had been performing his judicial functions properly at all times then there would have been no reason for him to be barred from hearing criminal cases. When considered in context and under the appropriate standard of review, an objective reading of the statement does not lend itself to an innocent interpretation. Plaintiff's allegations regarding this statement are sufficient.

■ The second statement in the article for which plaintiff's allegations are sufficient

---

1. Plaintiff also alleged in his petition defendants engaged in a civil conspiracy. This allegation was based on his libel claims. Defendants asserted in their motion to dismiss plaintiff failed to plead facts supporting any claim of tortious conduct. A claim of civil conspiracy is not itself actionable in the absence of an underlying wrongful act or tort. *Williams v. Mercantile Bank of St. Louis*, 845 S.W.2d 78, 85 (Mo.App. E.D.1993). Based on the grounds asserted in defendants' motion to dismiss, plaintiff's conspiracy claim is sufficient because two statements are actionable for libel.

2. Plaintiff did not make a similar allegation regarding the statement in the editorial he was barred from hearing criminal cases.

is where it was asserted prosecution witnesses said the victim in the criminal case "raised his hand and had been pleading for his life when the shot was fired." Plaintiff alleged no witness testified under oath as to those facts stated in the article. It is a reasonable inference from the reference to the persons as prosecution witnesses, their statements were given while testifying for the State. Defendants argue on appeal plaintiff cannot state a cause of action as to this statement because it does not specifically refer to plaintiff. To state a claim for libel, the allegedly libelous statement must refer in some way to the plaintiff. *Capobianco v. Pulitzer Publishing Co.*, 812 S.W.2d 852, 858 (Mo.App.1991).

■ Defendants did not raise this specific ground in their motion to dismiss. *See Property Exchange & Sales, Inc. v. King*, 822 S.W.2d 572, 574 (Mo.App.1992). Regardless, Rule 55.20 makes it unnecessary to allege extrinsic facts to show the application to the plaintiff of the alleged defamatory words from which the claim arose. *Dietrich v. Pulitzer Publishing Co.*, 422 S.W.2d 330, 333 (Mo.1968) (discussing Rule 55.22). It is sufficient to allege generally the words were published concerning the plaintiff. *Id.* Plaintiff alleged the statements imputed to him a lack of knowledge, skill, capacity and fitness to perform his judicial duties. Although the statement does not specifically refer to plaintiff, it is a reasonable inference from this statement, taken in the context of the entire article, plaintiff may have improperly "acquitted" the criminal defendant. Plaintiff sufficiently alleged the words were published concerning his actions. Furthermore, as with the first statement, under the appropriate standards of review the second statement also does not lend itself to an innocent interpretation.

■ Defendants asserted in their motion to dismiss the statements were privileged because they were a fair report of judicial proceedings. Reports of judicial proceedings and the statements made therein are subject to a qualified privilege. *Erickson v. Pulitzer Publishing Co.*, 797 S.W.2d 853, 857 (Mo.App.1990). This privilege can only be overcome if the published matters were not a fair and accurate report or abridgement of the proceedings. *Id.* We accept as true plaintiff's allegation no prosecution witnesses testified as asserted in the article. *Nazeri*, 860 S.W.2d at 306. Accordingly, at this stage of the proceeding defendants' claim the statement regarding witness testimony is privileged because it is a fair report of judicial proceedings, must fail. Likewise, any claim the statement regarding plaintiff being barred from hearing criminal cases is privileged as a fair report of a judicial proceeding also fails. Plaintiff alleged he was not barred from hearing criminal cases. In addition, both statements are assertions of fact and cannot be considered as rhetorical hyperbole.

Plaintiff's allegations regarding the two previously mentioned statements along with the reasonable inferences are sufficient to overcome defendants' motion to dismiss.[3] We again emphasize our standard of review is limited to considering plaintiff's averments as true and liberally granting to plaintiff all reasonable inferences. Whether plaintiff will be able to meet his burden for summary judgment, where applicable, or at trial is simply not before this court.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

SMITH, P.J., dissents.

PUDLOWSKI, J., concurs.

---

**3.** Defendants also claimed in their motion to dismiss plaintiff's plea for punitive damages was deficient. Plaintiff's allegations on this issue are sufficient. *See Nazeri*, 860 S.W.2d at 313 n. 4; *Hoeflicker v. Higginsville Advance, Inc.*, 818 S.W.2d 650, 653 n. 3 (Mo.App.1991).